### ABBOTT ET AL. *vs.* BELL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a judgment is taken and confirmed by default, although it expresses on its face, *that due proof of the demand was made,* and the clerk and judge's certificates state, that the record contains *all the evidence adduced on the trial,* yet if the evidence in the record, is insufficient, a judgment of non-suit will be entered.

This was an action to recover the sum of three thousand seven hundred and six dollars, according to an account annexed to the petition. To this account was appended, the affidavit of Samuel Abbott, one of the plaintiffs, made before a notary public, in the city of Philadelphia, that the account was justly due, owing and remaining unpaid.

The defendant omitted to put in an answer, and judgment by default, for the entire sum claimed, was made final, after the usual delays.

There was no evidence in the record, except the account sued on and affidavit of one of the plaintiffs. From the judgment thus rendered the defendant took an appeal.

*Rogers* and *Josephs*, for the plaintiffs, insisted that the judgment was regular, and should be affirmed with costs and damages, as for a frivolous appeal.

*McMillen*, for defendant, assigned as error, that the record contained no legal proof of the plaintiff's demand; that the allegations in the petition and the account annexed, disagree, and the court erred in receiving proof of any fact or matter not set forth in the petition. 9 *Louisiana Reports*, 225.

2. The petition alleges, that the defendant refused to pay the claim, and the judgment appears to be based on the parole proof of verbal promises to pay the debt, &c. This is dangerous and insufficient proof.

*Carleton, J.*, delivered the opinion of the court.

This action is brought for the balance stated on an account current, annexed to which, is the affidavit of one of the plaintiffs, taken before a notary public in Philadelphia, attesting to the amount he claims to be due.

The defendant having failed to answer, judgment was taken by default, and confirmed in the following words.

" On motion of George K. Rogers, of counsel for plaintiffs, *and on producing to the court due proof of the demand of said plaintiffs*, it is ordered by the court, that the judgment by default, taken in this case on the 5th inst., be now confirmed, and that judgment be entered in favor of said plaintiffs, Abbott, Merlin & Co., against the defendant, Francis Bell, for the sum of three thousand seven hundred and six dollars and twenty-five cents, being the amount of the balance of account sued on, with legal interest on said sum, from the 22d of March, 1837, the date of judicial demand, until paid, and costs of suit."

The clerk certifies, that the record contains a transcript " of all the proceedings as well as of all the documents filed, *and all the testimony* adduced at the trial of the cause."

The certificate of the judge is as follows : " I certify that the foregoing transcript of the record of the case therein

EASTERN DIST. mentioned, contains *all the evidence* adduced by the parties, at
*March*, 1838. the trial of the cause in the first instance."

WALDEN
*vs.*
LA. INS. CO.

Where a judg-
ment is taken
and confirmed
by default, al-
though it expres-
ses on its face,
*that due proof of
the demand was
made*, and the
clerk and judge's
certificates state,
that the record
contains *all the
evidence adduced
on the trial*, yet
if the evidence
in the record is
insufficient, a
judgment of non-
suit will be en-
tered.

From the language used in the judgment, it would seem
there was other testimony introduced at the trial than what
appears upon the record, were it not, there is no note of any
witness having been sworn, or documentary evidence exhi-
bited ; and the certificates of both clerk and judge, compel
us to act under the belief, that all the testimony is before us.

We are, therefore, left to infer, that the judgment of the
court was based altogether upon the affidavit of the plain-
tiff, made as above stated, before the notary public at Phila-
delphia, which we think altogether insufficient.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be avoided and reversed, and
that there be judgment for the defendant as in case of
non-suit, the appellee paying costs in both courts.