<div style="margin-left:margin">ROLLINS<br>
v.<br>
WATSON.</div>

On the trial the intervenor failed to establish his title to the property attached, and from the testimony of the witnesses, it would seem that he held it as mandatory, rather than as owner.

It appears that the intervenor, as agent of one *Crane*, a creditor of the defendant, received from him the horses in question, agreeing, in the language of the witness, to "take and sell them and apply the proceeds to pay *Crane's* debts ; and if there was any surplus, to pay it over to *Watson ;* if not, *Watson* would pay the difference." This debt, (the consideration of the alleged transfer,) was evidenced by a note then and yet in the possession of *Elliot*, he never having delivered it to defendant. It was produced by him at the trial, and one of the witnesses, *Edgell*, deposes that, after the sale, intervenor stated that the horses had been placed in his hands for sale, and that he had no interest in them—that if he did not succeed in the suit, he still held the note.

Under these circumstances it cannot be held that the intervenor owned the horses either by sale, or *dation en paiement*, there being no price—no sufficient consideration to sustain such a transfer. Nor yet can he be regarded as pledgee ; for the delivery not being accompanied by an act, either in public form, or under private signature, did not invest him with the right of causing his debt to be satisfied in preference. C. C., art. 3124-5 ; Session Acts, 1852, p. 15, sec. 2. The intervenor might, perhaps, under the agreement, have sold the horses and imputed the price to the payment of the debt due him ; but this he would have done as agent, for until the sale and delivery, the ownership remained in the defendant, and the object continued subject to seizure for his debts.

Judgment affirmed.

---

## L. A. Pellerin *v.* J. C. Levois et al.

*By the Court:* When the record comes up without the evidence, nothing can be assigned as error in the Supreme Court that could have been cured by evidence in the Court below.

The defendant, in injunction, is under no obligation to have the evidence taken down in writing for the use of his adversary—in case the latter should wish the appeal.

APPEAL from the Second District Court of New Orleans, *Lee,* J. *Schmidt,* for plaintiff and appellant. *Benjamin & Micou,* for defendant.

CAMPBELL, J. On the petition of the appellant, *L. A. Pellerin*, a writ of injunction issued from the Second District Court of New Orleans, April 15, 1852, inhibiting *J. C. Levois*, the appellee, and the Sheriff, from proceeding further in the execution of a writ of seizure and sale, issued in the suit of *J. C. Levois* v. *Pellerin*. On the 22d April, the defendant obtained a rule on plaintiff to show cause why the injunction should not be dissolved, on the ground that the writ issued in the case was a second writ, issued on a petition containing the same allegations, the first injunction having been dissolved by a judgment of said Court, which judgment was, on appeal, affirmed by the Supreme Court.

We are unable to revise the judgment complained of, as the transcript does not show the grounds on which the first injunction was dissolved. The appellant has failed to bring up the evidence, or a certificate, in relation to it, and it is well settled that when the record comes up without the evidence, nothing

can be assigned as error which could have been cured by evidence in the Court below. The defendant, in injunction, was under no obligation to have the evidence taken down in writing for the use of his adversary, in case he should wish to appeal.

Under the circumstances, we must infer that the District Judge had before him evidence sufficient to sustain the judgment.

*Mollin* v. *Thompson*, 9 M. R. 275. *Miller* v. *Whittier*, 6 L. 72. *Cox* v. *Bethany*, 10 L. 154. *Fowler* v. *Smith*, 1 R. 448.

The appeal is, therefore, dismissed at the costs of appellant.

*Schmidt*, for a re-hearing:

As it appears to the undersigned that the opinion delivered in the above cause is predicated upon an *error of fact*, it becomes his duty to apply for a re-hearing, for the following causes and reasons:

First. *Because it is a mistake to suppose that the record does not contain all the evidence on which the cause was tried in the lower Court.*

The Court say, "That they cannot review the judgment complained of, as the transcript does not show the grounds on which the first injunction was dissolved."

Such a knowlege is no doubt requisite to the decision of the cause; but the Court will not, it is presumed, punish the appellant for the omission to furnish that evidence, unless the omission be attributable to his fault or neglect.

The appellant is bound to furnish a correct transcript of all the evidence and proceedings of the inferior Court, in the cause in which he appeals. If he has done this, he has performed his duty; and to require more, would be to exact something which the law does not authorize.

The Court further say, "The appellant has failed to bring up the evidence, or a certificate in relation to it; and it is well settled, that when a record comes up without the evidence, nothing can be assigned as error which could have been cured by evidence in the Court below."

The conclusion is indisputable, if the fact from which it is deduced be true; but *that fact has no existence; ergo*, the conclusion is not applicable in this cause.

The appellant has brought up *all the evidence on which the cause was tried below*, and this appears *conclusively* from the record in the Supreme Court.

The certificate of the clerk declares that the record contains *all the documents and all the proceedings* had on the trial of the rule, &c. It does not assert, *his verbis*, that it contains *all the evidence*, since it is evident from the record that *no evidence whatever* was offered.

Gentlemen so familiar with the practice of the District Courts as the members of the Supreme Court, need not be told that the *introduction* of evidence, whether *oral or written*, is a *proceeding* in the cause; and that the record, containing *all the proceedings*, must necessarily show whether any evidence was offered, and by whom. This is a formality which is never omitted by the clerk, because the law allows him compensation for swearing witnesses and registering documents; and, where the record makes no mention of the offering of evidence by either party, it is *morally certain* that none was offered.

If any evidence was offered on the trial below, it must be conceded that such evidence was either verbal or documentary; it could not have been *documentary*, because all the documents are in the record; and it could not have been *verbal*, because if a witness had been introduced, mention of it would have been made among the proceedings. Fairly, to come to any other conclusion, appears to the undersigned impossible.

Should there, however, still remain the shadow of a doubt on the subject, it must vanish upon looking at the entry on p. 11 of the record, where the clerk declares, that "*after argument of counsel*," the cause was submitted.

If the Court will take the trouble to examine the various records in their archives, they will find that the clerk invariably, when proof is offered, says, "*after hearing evidence and argument of counsel*," and no minute clerk would omit to mention the production of evidence, if it had been produced.

Presumptions, in opposition to the usual and regular manifestation of a series of facts, are entitled to no weight, and lead to no safe or probable conclusions. They should be disregarded, as mere vague conjectures; and, as the presump-

tion in this case is, that if evidence had been adduced, mention would have been made of it somewhere ; the Court must conclude, in conformity with the truth, that the evidence wanted to enable it to decide the cause, and which should have been furnished in the lower Court by defendants, was never offered.

That this is true, was not denied by the counsel of the appellee, on the argument of the cause, and he attempted to show that its production was unnecessary, because the records of a Court were always open for the inspection of the Judge of the Court who might refer to them, although not in evidence in a case like the present, where the object was simply a comparison of two petitions. Had the fact been as the Court suppose, it is not to be doubted that he would have insisted on the dismissal of the suit on that ground, but he did not even pretend to do so, for the obvious reason that the record was complete.

There is another fact connected with the record in this cause, of which the Court is unquestionably ignorant, and which forbids the appellee from availing himself of any defect or incorrectness of the Record. It is this, viz : the record in this cause was brought up and filed by *the appellee himself.* It appears, that the appellee, apprehensive that if he waited for the return day of the appeal, he might be frustrated in his expectations of having it tried at the term at which it was made returnable, caused the record to be made out *and filed it himself in this Court.* If he, therefore, has filed an incomplete record, it is *his fault, not ours,* and it would not be just or equitable *to let him profit by his own wrong.* This would be *a fraud on plaintiff,* which we are sure the respectable counsel of defendant would scorn to perpetrate, and of which they would not avail themselves, even if the Court were disposed to sanction it—a thing not supposable.

Second. *It is respectfully insisted, that by no possible ingenuity of the human mind can it be fairly or logically inferred in this cause, that the judge had before him evidence sufficient to sustain the judgment.*

The rule taken on plaintiff was to show cause, why the injunction should not be set aside, because one exactly similar had already been dissolved.

All the Court can possibly presume in favor of the judgment is, that the plaintiff in the rule sustained his allegation by proof. The next inquiry is, therefore, what species of proof? written, of course, since, in order to prove that one piece of writing is exactly similar to another, both must be produced. But a piece of writing is *a document,* and all the documents on which the cause was tried are in the record, and to presume the contrary is to presume that the clerk has certified to *a falsehood.* No Court would be justified in going this length in sustaining a judgment of any Court.

The reasoning of the Court in the judgment under consideration being, therefore, based on the supposed existence of a fact, which *never had an existence ;* and upon the presumed production of a document which *never was produced,* unless the Clerk of the inferior Court *deliberately certified to a falsehood ;* it is respectfully asked that a re-hearing be rewarded.

Had it been hinted on the argument of the cause that doubts existed as to the completeness of the record, the undersigned would then have shown, as he has now had the honor to do :

1st. That a fair and attentive examination of the proceedings in the inferior Court, and the certificate of the clerk, necessarily lead to the conviction that the record is complete, and contains all the evidence on which the cause was tried below.

2d. That if the record, or the certificate of the clerk, be incomplete, it is not the fault of appellant, but of the appellee, who brought up and filed the record as a complete transcript of all the proceedings in the inferior Court, and who cannot avail himself of his own wrong to appellant's prejudice; nor will the Court punish appellant for the fault of the appellee.

The undersigned regrets the necessity which forces him to occupy the valuable time of the Court in examining again a question that has already engaged its attention. He thinks himself, however, fully justified in so doing by the considerations above set forth, and being persuaded that the Court will take pleasure in correcting any error into which they may have inadvertently fallen, he has the honor, respectfully, to submit the preceding observations.

SLIDELL, C. J., (on the re-hearing.) It is ordered, adjudged and decreed that the judgment rendered by this Court, in this case, on the 6th of June last, remain undisturbed.