No. 1563.—SAMUEL SMITH & Co. *v*. J. H. MORRISON.

Where an important document, such as a mortgage, has been inadvertently omitted from the record, the Supreme Court will, in the exercise of a sound legal discretion remand the case in order that both parties may have an opportunity to establish their rights.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupee, *Cooley*, J. *Harrison & Hunton* and *Edward Philipps*, for plaintiffs and appellees; *C. E. Schmidt*, for defendant and appellant.

HOWELL, J. This suit was brought as a personal action on two[a] promissory notes, and afterwards an amended petition was filed, alleging that they were given as part of the price of a plantation, and asking that a special mortgage and vendor's privilege, as shown by the *annexed act of sale and mortgage*, be recognized and enforced. Judgment was rendered on default and confirmed for the amount of the notes with mortgage and privilege as claimed.

The defendant has taken a devolutive appeal and he assigns as error that there is no evidence to establish the mortgage and privilege allowed.

The certificate of the clerk states that the record contains " a true and correct transcript of all the documents on file and proceedings had *(there being no testimony offered)* on the trial of the case, etc." At the instance of the plaintiffs' counsel a *certiorari* was issued for the purpose, and in answer thereto the clerk amended his certificate to read thus: "that the foregoing and within twenty-six pages do contain a true and correct transcript of all the documents on file, *evidence adduced* and proceedings had on the trial of the case, etc."

The notes paraphed, but not the act of sale and mortgage, alleged to be annexed to the amended petition, are in the record, and there is no minute of evidence.

The evidence to establish the mortgage and privilege set out and claimed is wanting; but the record satisfies us that the notarial act in question, if not produced in court on the trial, was in the possession or control of counsel, and in the exercise of an equitable discretion, vested in this court by art. 906 C. P., plaintiffs should, under the peculiar circumstances of this case, be allowed an opportunity to supply an apparently inadvertent omission. The facts that the notes are paraphed and that the judgment as drawn up and signed contains a description of

Samuel Smith & Co. v. J. H. Morrison.

the mortgaged property, as, it is alleged, is set forth in the act of sale annexed to the amended petition, render it probable that the said act was before the judge; but upon the record as certified we cannot affirm the judgment or dismiss the appeal. While we would not, even indirectly, encourage negligence in litigants, or their counsel, we feel authorized to remand the case to give both parties an opportunity to establish their rights, in the belief that the ends of justice will thereby be subserved. See 13 L. 138; 15 L. 231; 8 R. 120; 9 R. 387; 12 R. 518; 2 A. 846; 9 A. 95; 10 A. 94; 4 R. 323; 4 A. 231.

It is therefore ordered that the judgment appealed from be reversed and the cause remanded for further proceedings according to law. Plaintiffs to pay costs of appeal.