In re Fazende & Seixas, praying for a Monition.

## No. 8857.

### IN RE FAZENDE & SEIXAS, PRAYING FOR A MONITION.

```
35  1145
49   714
35  1145
52   710
```

#### ON MOTION TO DISMISS.

Although a tran cript contain neither note of evidence, statement of facts, bill of exceptions or assignment of error, the appeal will not be dismissed, if the clerk's certificate is complete and declares that it contains "all the testimony adduced." In such case, the court, without assignment, may inquire if there is error apparent on the face of the record.

#### ON THE MERITS.

An opponent in a monition proceeding, is in no case required to make an antecedent tender as a condition precedent to opposing confirmation of sale.

Where he has engrafted on his opposition a petitory action, although the exception of want of tender may avail to dismiss the latter action, it should be restrained in its effect to this extent, and should not operate as a dismissal of the opposition.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

---

*J. J. Barnett* for Opponent and Appellant:

1. Plea of want of tender, as a prerequisite to the opposition of a monition, which opposition involves a petitory action, cannot be made by a warrantor after the applicant for monition has joined issue with the opponent, and from his answer, it appears that the tender would be a vain thing. 8 La. 252; C. P. 333, 336, 345, 346.
If such a plea be sustained at all, it should only have effect as to the warrantor excepting.
2. Where there is a plea of the kind, it should be made to appear that something, and what did enure to opponents' benefit, and should be tendered. The burden of proof is on exceptor. 30 An. 310.
3. When an execution sale, not advertised for the term required by law, is alleged to have been made, "also by consent of parties," such sale is not a "judicial sale." 2 An. 174; 3 An. 192; 16 An. 167.
4. If there be no consent, and failure of advertisement, as aforesaid; the resulting nullity is absolute. 1 R. 331; 2 R. 326; 5 La. 486.
5. Where such nullity is absolute, tender antecedent to the petitory action is unnecessary; defendant may urge his claims by reconvention. 33 An. 750-773.
6. A petitory action may be engrafted upon an opposition to monition; the opposition to monition is a provoked suit; and where in opposing, it is essential to allege ownership, and incidentally to claim property illegally divested, no preliminary tender is necessary. 13 La. 560; 34 An. 257.
7. In a petitory action it may be decreed that plaintiff only have possession upon reimbursing to defendant whatever amounts enured to his benefit. 2 La. 326; 3 La. 541; 30 An. 310; 34 An. 257.
8. If a petitory action cumulated with an opposition to monition be dismissed for want of tender antecedent to the suit on opposition, or because such action could not be cumulated with the opposition; proper judgment is one of "non suit," with reservation of rights as to that portion of the opposition which claims ownership; and reference for trial of the simple opposition to monition.

*E. H. Farrar, A. G. Brice* and *H. G. Morgan* for the Appellees.

144

## On Motion to Dismiss.

The opinion of the Court was delivered by

FENNER, J.   The motion is based on the ground that there is "no note of evidence, no bill of exceptions and no statement of facts in the record," and that appellant has not, within ten days after bringing up of the record, filed any written assignment of error.

The certificate of the clerk attached to the record is full to the effect that the transcript contains "a true, correct and complete transcript of all the proceedings had, documents filed, testimony and evidence adduced upon the trial of the cause."

We think that this destroys the motion.

We consider that Articles 896 and 897 of the Code of Practice are to be construed together, and that the conditions expressed in the beginning of Art. 896 in the words "if, therefore, the copy of the record brought up be not duly certified by the clerk of the lower court as containing all the testimony adduced," extends to and covers all the provisions of both Articles.   We hold the meaning and effect of the two Articles to be, that, *in the absence of such certificate*, the Supreme Court can judge of the cause only: 1, on a statement of facts; 2, on a bill of exception; 3, on a special verdict, or, in absence of all these; 4, on assignment of error on face of the record filed within the ten days.

If, on the contrary, the transcript presents such a certificate, then the provisions of those Articles have no application, and the Court will entertain the appeal.   Reeves vs. Gordon, 5 La. 288; Erwin vs. Orillon, 6 La. 205; State vs. Giffen, 15 An. 420; Bossier vs. Carradine, 18 Id. 261; Cammack vs. Gordon, 20 Id. 213.

The motion to dismiss is, therefore, denied.

## On the Merits.

The applicants for monition acquired at a judicial sale in the case of Bouny vs. Hernandez.   Hernandez had acquired at a judicial sale in a case of Frellsen vs. Baldwin et al.   The monition proceeding seeks to establish the regularity of both these sales.

Mrs. Johnson, who was one of the defendants in the earlier suit of Frellsen vs. Baldwin et al., files her opposition in the monition proceeding, and avers, as grounds thereof, certain defects and irregularities in the executive proceedings.   She further engrafts upon her opposition a regular petitory action setting forth title in herself and praying for judgment decreeing her to be the owner of the property.   For the defense of this demand, plaintiffs in monition called in warranty Bouny and Hernandez, and the latter in turn called in warranty Frellsen and the defendants in the first suit.

Frellsen appeared and filed sundry exceptions to the demand of Mrs. Johnson, the last of which was "that the heirs of a mortgage debtor cannot annul a sale of mortgaged property made to pay the debt of their ancestor and recover back the property sold, without first tendering to the purchaser the price that he has paid for it, and that opponent herein cannot escape this obligation and tender, by engrafting a petitory action upon a monition proceeding."

After trial, judgment was rendered decreeing that the above exception "be maintained, and accordingly that said opposition be and the same is hereby dismissed," from which judgment Mrs. Johnson has appealed. There is no evidence and no note of evidence in the record, as heretofore indicated, and appellant claims that the judgment should be reversed for want of proof of the *facts* on which the exception is based. It seems, however, too well established that at least in cases where evidence is necessary, in absence of any note of evidence, the Court will presume that the lower court proceeded on proper evidence.

Simmons vs. Howard, 23 An. 504; 22 An. 73, 118; 23 An. 446, 393; 26 An. 148, 734; 34 An. 631.

We must, therefore, confine ourselves to questions of error of law apparent on the face of the record.

While we are not prepared to say that, under some state of facts which may have been established, the plea of want of antecedent tender may not have been well taken as against the petitory action of Mrs. Johnson, we think the judgment dismissing absolutely her opposition was erroneous.

Her petition is to be regarded in a double aspect: 1, as an *opposition*, properly so called, showing "cause why the sale should not be confirmed and homologated," (Rev. Stat. Sec. 2371); 2, as a petitory action.

The monition is a voluntary proceeding on the part of the purchaser of property by which, in the words of the law, he "calls on all persons who can set up any right to the property in consequence of, etc., to show cause within thirty days why the sale so made should not be confirmed and homologated."

In responding to such a voluntary call by a purchaser, the law does not, expressly or by implication, impose upon a party the necessity, in any case, of making an antecedent tender.

The injustice of dismissing entirely her opposition and subjecting her to the injury which may result from the confirmation of the title of plaintiffs is apparent. We must not be understood as intimating any approval of the practice of engrafting the petitory action upon an opposition in a monition proceeding. In this case an exception to the propriety of such proceeding had been taken and overruled, from which

judgment no appeal had been taken. That question is not, therefore, before us.

. It is, therefore, ordered, adjudged and decreed that the judgment appealed from, in so far as it dismisses the opposition of Mrs. Johnson absolutely, be amended by restricting such dismissal to the petitory action engrafted on said opposition, without prejudice to her right to prosecute the same as an opposition proper, and that in other respects said judgment be affirmed and that the cause be remanded to be proceeded with according to law. Costs of appeal to be paid by appellees.