No. 10,693.

L. S. Harrison & Bro. vs. Their Creditors.

| 43 | 91 |
| 46 | 386 |
| 43 | 91 |
| 51 | 610 |
| 43 | 91 |
| 111 | 464 |

1. A previous appeal having been taken in the same cause, it is not necessary on a second appeal to copy the matter already embodied in a transcript on file in this court, but the clerk's certificate that the new transcript, "together with the transcript of appeal in this case already on file in the Supreme Court," do contain, etc., will be sufficient.

2. When the minutes show that the cause was submitted "after hearing pleadings, evidence and counsel," and when the judgment recites "considering the law and evidence to be in favor of plaintiff," etc., and when the transcript presents no evidence and no note of evidence, the court must presume that the judge proceeded on proper evidence.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*H. C. Cage* for the Syndic, Appellant.

*Ernest T. Florance* for Opponent and Appellee.

*W. S. Benedict,* on Application for Rehearing, for Appellant.

The opinion of the court was delivered by

FENNER, J. Counsel for appellee treats this appeal as if there were nothing before us except the brief transcript filed herein. In this he errs. The certificate of the clerk is to the effect that this transcript, "together with the transcript of appeal in this case already filed in the Supreme Court," do contain, etc. There was no

necessity for a recopying of the matters already embodied in a transcript on file in this court under an appeal previously taken in the same cause. Vredenburg vs. Behan, 32 An. 561.

But this does not help the case of appellant. The matters referred to by his counsel as contained in the former transcript, though within our cognizance, have no conceivable relevancy to the subject matter of this appeal, which involves nothing but the correctness of the judgment rendered on the opposition of John R. Picton, and appointing him syndic of the insolvents. The proceeding referred to took place on February 28, 1890, when the opposition of Picton was not on trial, and concern entirely different issues. The record shows that the opposition was fixed for May 21, 1890, and was then tried and submitted, all parties being duly represented.

The minutes show that it was submitted "after hearing pleadings, evidence and counsel." The judgment recites, "Considering the law and evidence to be in favor of opponent," etc. The transcript contains no evidence, and no note of evidence. If there were a note of evidence, and the evidence did not appear in the record, the clerk's certificate might protect appellant against an apparent diminution of the record, which might be supplied under *certiorari*. But the decisions are uniform that where no note of evidence appears in the record, the court will presume that the judge proceeded on proper evidence. Heffner vs. Hesse, 26 An. 148; State vs. Monasterio, Ib. 734; State vs. Campbell, 23 An. 446; Simmons vs. Howard, Id. 504; Bank vs. Bringier, 22 An. 118.

Judgment affirmed.