No. 10,809.

JAMES J. LANE vs. ILLINOIS CENTRAL RAILROAD COMPANY.

The object of the judicial stamp act is to secure the contributions to the judicial expense fund, not to set traps for litigants.

It appearing that under the practice of the court and the custom of the clerk's office it is permitted, when not objected to at the time, to use documents and testimony on the trial and to stamp them subsequently; and further, that in making up transcripts of appeal, it is the clerk's custom to notify the counsel interested when he discovers any document that has been used in evidence to be unstamped, in order that he may supply the omission, the failure of the clerk, in haste, to notice an unstamped document and to give the customary notice, should not be visited on the appellant, who has relied on the clerk's custom and on his complete certificate, as a fault depriving him of his appeal, when the omission of the stamp has been inadvertent, and is supplied as soon as discovered and before the appellee has suffered any possible harm.

A railroad company whose freight train derails and runs into an adjoining building, causing damage to person and property therein, in the absence of justification and without contributory negligence on the part of the injured party, is guilty of gross negligence and liable for indemnity.

APPEAL from the Civil District Court for the Parish of Orleans. King, J.

F. M. Gill for Plaintiff and Appellee:

1. Railroad companies running and operating its road through the streets of a city are bound to observe extraordinary precaution, particularly at street crossings.
2. Must keep the engines in front and not run their trains backward. They must give signals of approaching trains. 40 An. 810-817.
3. They must confine their rate of speed to that provided by law, four miles an hour, and give signal of approaching trains. Their employés must be men of skill, constantly on the alert, and exercise judgment and caution, and not guilty of negligence and want of care culpable. 38 An. 777; 23 An. 182.

53

4. Damages of the lower court increased by six times the amount. 39 An. 800-803. By double the amount. 41 An. 624.

5. Damages in such cases should be assessed on the most liberal scale. 10 An. 89.

*Girault & Farrar* for Defendant and Appellant.

### ON MOTION TO DISMISS.

The opininion of the court was delivered by

FENNER, J.   The motion has two grounds, viz.:

1. That a plan offered in evidence by plaintiff and duly filed has been omitted from the transcript by appellant's fault.   The clerk's certificate is complete and protects appellant in the right to supply the omission, on discovery, by certiorari, which he has done.

2. That a document marked xy, which was offered in evidence by defendant, is omitted from the record because the defendant had failed to have the same properly stamped and filed, which justified the clerk in omitting it, and places the fault entirely on the defendant appellant.

Our attention is called to the provisions of Act 136 of 1880, which require evidence to be stamped before filing, and also declare that testimony not stamped and filed shall not be copied into the transcript or considered by the appellate court.

It appears, however, that in this case most, if not all, the evidence which was offered and met on the trial, was not stamped and filed till some time after the judgment was rendered.   It further appears that it is the custom of the clerk's office, in making up transcripts of appeal, when it is discovered that evidence, which has been offered and used on the trial, has not been stamped and filed, to notify the counsel interested in order that he may remedy the defect; that in this case the clerk, in the haste of making up the transcript, overlooked the document xy and failed to notify counsel or to include it in the transcript.   As soon as the motion to dismiss informed counsel, who had relied on the clerk's practice and his complete certificate, that this document had not been stamped and was omitted from the transcript, he supplied the oversight by having the same properly stamped, and now brings up this document also under his *certiorari*.

It thus appears that in practice the rigid requirements of the

·statute· are .relaxed by common.consent; that, unless insisted on, trials are not delayed·to affix stamps during the course thereof, but that the stamping and·filing.may be done after trial, and even, as in this case, after judgment, and after appeal while the transcript is being made.

Under this practice, if, as appears, it be the custom of the clerk's ·office to notify counsel and afford opportunity to affix .stamps inadvertently omitted, we do not think the failure of the clerk to notice an unstamped document and to give the customary notice, should be visited as a fault on the appellant, destroying his right of appeal, when the omission has been inadvertent and is supplied as soon as discovered and before the appellee has suffered the slightest harm.

The law is intended to secure the contributions to the judicial ·expense fund—not to set traps for litigants.

The case is very different from that of Schmitt vs. Drouet, 42 An. 716.

Motion denied.

## ON THE MERITS.

BERMUDEZ, C. J.    This is a suit in damages, brought by the plaintiff in his own right, and in that of his wife, for injury done him, in his property and business, and her, in her person.

The damages are alleged to have been caused by a freight train of defendant backing off a side track and running, at an unauthorized full speed, into a house occupied by the plaintiff, as a coffee-house and residence, at 6 o'clock, on the morning of December 9, 1889, at a corner of streets in this city.

It is averred that the barroom and appurtenances were damaged so that the owner had to give the same up, his business and trade being thus broken up and destroyed.

It is, besides, stated that, by the occurrence, the wife of plaintiff, who was in the house at the time, was struck by a heavy falling post, thrown into the street, speechless and senseless, her clothes being torn, her arm laccerated; that she suffered great pain in her breast and back.

The damages to the property and business are set down to be near $1000; those to the wife at $7500, and those to the husband at $2500; lumping about $11,000.

The charge is made that the whole accident is attributable to the gross negligence of the company, which makes it liable for the injury sustained.

The answer was a general denial.   The case was tried by a jury, who returned a verdict for $2200, on which judgment was accordingly rendered.   After a fruitless motion for a new trial, the defendant appealed.   The plaintiff joins in the appeal, praying that the damages allowed be increased to $8481.50.

It is useless to state *how* the accident occurred.   The defendant explains the circumstances under which it happened, but does not attempt to deny it, or even to charge contributory negligence on the part of the party really injured.

The issue presented is merely one of fact, involving the *quantum* of damages sustained.

The defendant has stated a bill of particulars, footing $350, which it considers is a more than reasonable indemnity to both the husband and the wife, dividing same as follows: $100 to the former, and $250 to the latter.

Although the testimony is far from establishing the gravity of the injury occasioned, and which has been considerably magnified, it is apparent that the defense has greatly minimized it.  ·  It may be that Mrs. Lane's sufferings have been, in appearance, temporary; but they were intense, occasioned as they were, by the frightful emotions of the moment.   The stubborn fact remains, that she was struck by the falling of the post, and it is more than probable, as testified to by the physician who saw her last, rather frequently, that her constitution has been so seriously impaired that she will remain an invalid, never to be herself again.   She was guilty of no contributory carelessness and was hurt in her house, where she had a right to be.

Under the circumstances, we think her entitled to a reasonable indemnity, which we fix at $1500, including the damage claimed by her husband, as done to his property or business.

It is, therefore, ordered and decreed that the verdict and judgment thereon be reduced to $1500, and that thus amended, the same be affirmed, appellee to pay costs of appeal and defendant those of the lower court.