No. 13,050.

STATE OF LOUISIANA VS. ALBERT DENNIE.

SYLLABUS.

The owner of a liquor saloon on board a steamer, running on navigable streams, between the city of New Orleans and Madisonville, Old Landing and other points, cannot be compelled by the local authorities, other than those of the home port, to pay a license tax for selling spirituous liquors.

The license payer, for the business of retailing liquors, owes one license to the State and license taxes to the local authorities of the home port of the steamer, and not a license at every other landing in the course of the voyage.

ON APPEAL from the Sixteenth Judicial District Court for the Parish of St. Tammany. *Reid, J.*

*M. J. Cunninghanm,* Attorney General, and *D. S. Kemp,* District Attorney, for Plaintiff, Appellee.

*Horace E. Upton* and *Benjamin M. Miller* (*W. S. Benedict,* of Counsel,) for Defendant, Appellant.

Argued and submitted February 25, 1899.
Opinion handed down March 7, 1899.

The opinion of the court was delivered by

BREAUX, J.   The defendant was indicted in the parish of St. Tammany for selling and retailing spiritous and intoxicating liquors. without his having previously taken out a license from the police jury,. town or city authorities.

State vs. Dennie.

It appears that the defendant was the owner of the bar on board the steamboat "New Camelia," plying regularly between New Orleans and ports in the parish of St. Tammany. The record discloses that defendant sold liquor by the glass, at the bar, while the boat was landed, to persons who came on board; that he paid no license except the United States Internal Revenue License as retail liquor dealer; that a license as retail liquor dealer was assessed against him by the assessor of St. Tammany parish; that in case of accident to the bridge of the L. & N. R. R., the boat, when called, carried passengers between points in Louisiana and points in Mississippi; that she had not performed such service within the past fifteen months, and since the defendant had been engaged in business on her.

During the trial, plaintiff offered in evidence, the license issued to the steamer by the United States Collector of Customs of the Port of New Orleans to engage in the "coasting trade" for one year, from April 2, 1898, together with certificate from the Collector of Customs setting forth that a vessel licensed for the coasting trade is entitled, by law, to employment in any of the navigable waters of the United States.

The District Court refused to admit the evidence, stating that the boat was engaged in trade between ports in Louisiana; that, in cons quence, it was insolvant to show a license to navigate in any of the navigable waters of the United States; that there was no ques ion raised as to the boat being licensed by the United States to engage in trade on the waters in different States.

Defendant states, as a fact, that there was no evidence introduced to show that the police jury of St. Tammany parish had adopted an ordinance requiring the payment of a license to retail liquor.

In the application for a new trial, no mention is made of the want of proof of license issued by the parish of St. Tammany. Among the grounds urged in the application for the new trial were: that no parish license is, by the law, required for the sale of liquor on board a vessel engaged in trade between different points in different parishes of Louisiana, and that no parish license is, by law, required for the sale of liquors on board a vessel licensed by the laws of the United States to engage in commerce between the ports of the different States.

It appears of record that defendant had paid an Internal Revenue

39

license to the general government to carry on the business in which he was engaged.

The defendant was tried by the court and condemned to pay a fine of three hundred and five dollars and costs, and, in default of payment, to imprisonment for a period of three months.

From the verdict and sentence the defendant presents this appeal.

With reference to the ruling, excluding the license and certificates issued by the Collector of Customs, we agree with our brother of the District Court; it was not, as correctly held by him, the trade for which license had been obtained, which fixed the *status,* but the traffic in which she had been engaged within the limits of the State, exclu-.sively, during more than twelve months prior to the finding of the indictment.

To illustrate: Permission to do an act is not equal to the deed itself. One may have a license to practice his profession in different places, and yet it would not be evidence of his practising in those places, particularly, in presence of the positive evidence to the contrary.

The steamer was running regularly between New Orleans and ports in St. Tammany parish. Extent of trade, to which the license and certificate issued by the United States officer, would not have added anything, had they been admitted, as relates to the issues here, but, for reasons hereafter stated, the license was admissible on another ground; that is, to prove the home port of the steamer.

This brings us to the ground, urged by defendant, of the want of proof of a license to sustain the conviction.

The record on appeal does not disclose that evidence showed that the police jury had ever adopted an ordinance requiring the payment of a license.

No note of evidence was taken in this case. It does not appear in the statements, forming part of the bills of exception, that any objection was urged on the ground that no ordinance had been adopted requiring the payment of a license of retail liquor dealer. The question is settled by repeated decisions in the absence of a note of evidence or objection properly certified; the court will presume that the judge proceeded on proper evidence. Harrison vs. Creditors, 43rd Ann., 91, and authorities therein cited.

We quote from Black on Judgments:

"Where nothing whatever is shown, if evidence were necessary to

State vs. Dennie.

have authorized the particular decision complained of, it will be presumed that the evidence was before the court and that it fully justified the conclusion reached. If a party rely upon the fact that there was no evidence in a case, where evidence was necessary, he must establish it by a proper bill of exceptions, or he will fail." Black on Judgments, Sec. 271.

This being a criminal case the facts are not before us, unless brought up in the manner required by the rules of appeal governing such cases.

We take up for decision, defendant's next ground of defense; the license law makes no provision for a license tax for the sale of liquor on board a vessel.

The fine was imposed under Section 910 of the Revised Statutes, in which a penalty is fixed against those who retail spiritous or intoxicating liquors without previously obtaining a license from the police jury.

The statute is, in terms, general, and is broad enough, we think, to include those who sell liquor on board of vessels within the territorial limits of the taxing power.

The business is specifically named, whether conducted on land or on a boat.

The fact that the business of selling or retailing liquors is not carried on in a particular place, does not change the nature of the business. It does not, when carried on on board of a vessel, essentially differ from similar business on land.

We all know that a barroom on a water craft is similar, as relates to its business, to a barroom on land; and we can conceive of no good reasons for holding that one is subject to a license tax while the other is not, if there is no law exempting either.

It is quite true that no occupation is licensed unless specifically enumerated by law. Here, no distinction is made in the statute as relates to the place where the liquor is retailed. It embraces all retailers of liquors.

But, in argument, defendant asserted that the home port of the steamer "New Camelia" is in New Orleans, and that only one license can be exacted for carrying on his business, and that it can be collected only at the domicil or home port of the vessel.

As relates to the vessel's home, it was not, in our judgment, in the parish of St. Tammany. The testimony shows that she carried freight

State vs. Dennie.

and passengers between New Orleans and different points in St. Tammany.

There are no ports in St. Tammany at which officers of the general government are stationed to issue license and register vessels, and she was neither registered in that parish, nor had a *situs* within its limits.

While, in our judgment, a license can be exacted of all retailers of liquor on boats plying exclusively on the streams of this State (we purposely avoid expressing our opinion in cases of the business of bar-keeping on boats running to points out of the State), only one State and one parochial, or municipal, license can be exacted; for the con-trolling reason that the State is limited to one; the subordinate political divisions are without power to exact more than one license for any one occupation. From the necessity of things, payment of a license at the domicil of a steamer to the State, and to the local authority, must operate as a protection against the exaction at any other place, otherwise the license law would have the effect of a pro-hibition, which was not contemplated when the license statute was enacted.

Our view, in this matter, relates to the business of conducting a barroom on steamers engaged in carrying freight and passengers in good faith, and on which refreshments for the passengers and employees are usually deemed proper.

Now, it is evident that defendant's business was not carried on by him within the limits of the parish of St. Tammany, and that this parish is without right to collect a license on business having its *situs* in New Orleans, the domicil of the steamer, and of necessity of defendant's business.

These being our views, we have not found it necessary to pursue the subject further, and pass upon decisions bearing upon other points not needful to a decision of the case.

It is therefore ordered, adjudged and decreed, that the verdict, sen-tence, and judgment, of the court appealed from are annulled, reversed, and avoided, and the demand made of the defendant for a fine and penalty rejected.