## No. 13,107.

## L. S. HARRISON & BRO. VS. J. SOULABERE.

### SYLLABUS.

1. It is permissible to cumulate the revocatory action and that *en déclaration de simulation* in the same petition, provided it be done by distinct alternative allegations. Otherwise, the two demands will be held inconsistent.
2. The effect of the clerk's certificate, appended to the transcript, that the latter contains all the evidence adduced upon the trial, is to obviate the necessity of a statement of facts, or assignment of errors, and precludes dismissal of the appeal.
3. Where such a certificate appears and yet no testimony or evidence of any kind is found in the record to support the judgment rendered in favor of plaintiff, the same must be avoided and one of non-suit entered, or else the cause be remanded.

A PPEAL from the Civil District Court, Parish of Orleans—*King J.*

. 52 707
106 3

*William S. Benedict* for Plaintiffs, Appellees.

*Charles H. Osterberger* and *O. W. Long* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J.   The petition in this case alleged that plaintiffs recovered judgment in December, 1897, against one Paul Delord for the sum of $202.50, with interest and costs, which judgment was duly recorded in the mortgage office, and thereafter operated as a judicial mortgage on the real property owned by said Delord in the parish of Orleans, and that execution having issued on the judgment, the same was returned *nulla bona.*

It then avers that Delord is the owner of a certain lot of ground, describes the same, and fixes its value at $2500; that during the pendency of the suit he made a paper transfer of same to one C. W. Hunger for a nominal price, and, later, the same day, Hunger retransferred the property to him at a nominal price; and that, thereafter, in December, 1897, Delord made a paper title to the property to Soulabere, defendant herein, for the nominal sum of $1250, part cash and the remainder represented by mortgage on the lot.

Then follow allegations, *not in the alternative,* that would make of the suit both a revocatory action, and an action *en declaration de simulation.*

Fraud and bad faith and dealings out of the usual course of business, and injury to plaintiffs, are charged.

Simulation, want of consideration, collusion between vendor and vendee to place the property beyond the reach of the creditors of the vendor, and continued possession of the latter, are charged.

The only party asked to be cited is J. Soulabere, the vendee. Delord, the vendor and judgment debtor, is not made a party defendant.

The judgment prayed for was one avoiding the pretended act of sale to Soulabere, decreeing Delord to be the owner of the property, and recognizing plaintiffs as entitled to a judicial mortgage thereon.

It is permissible to cumulate the revocatory action and that *en declaration de simulation* in the same petition, provided it be done by distinct alternative allegations.   Otherwise, the two demands would be inconsistent, for the averments that would give to the complaint the character of the revocatory action are such as affirm the reality of the acts complained of, yet seek to avoid the same as vicious and

fraudulent. While the charge of simulation carries with it the idea of utter want of reality of the things seemingly real.

Johnson vs. Mayer, 30th La. Ann. 1203; 34 La. Ann. 684.

If this action were intended as revocatory in character it was necessary to cite the fraudulent vendor as well as the fraudulent vendee.

Since the vendee, holding by title alleged to be simulated, alone is cited, it must be considered that plaintiffs intended their declaration to set forth only the action *en declaration de simulation.*

We will treat it as such.

It was met by the exception of no cause of action, which was, later, ordered by the court to be referred to the merits.

Defendant then answered with a general denial.

At the trial he made no appearance, either personally or by counsel.

Judgment was rendered, decreeing Delord to be the owner of the lot of ground, avoiding, as to plaintiffs, the act of sale made to Soulabere, and recognizing plaintiffs' judicial mortgage on the property.

Execution seems to have then issued on the original judgment of plaintiffs against Delord and under it the lot of ground in question was seized. Whereupon, Soulabere, claimant owner of the property, satisfied the judgment by payment under protest, to prevent the sale of his property under the writ, and then applied for a devolutive appeal from the judgment in the instant case decreeing his title simulated.

This appeal was granted and is now before us.

The clerk's certificate at the end of the transcript declares that the 22 pages of the same "do contain a true, correct and complete transcript of all the proceedings had, documents filed *and evidence adduced* upon the trial of the cause".

No note of evidence appears in the record. If witnesses were called and examined there is nothing to inform us of the fact. If documentary evidence was offered it does not appear.

So far as the record discloses we have here a judgment affecting the rights of property rendered on no evidence of any character whatever. The clerk's certificate must be held for purposes of this appeal to import full faith, and it declares that the transcript filed contains *all* the evidence adduced. Then none was adduced, for none appears. Hence, the judgment stands before us unsupported.

Under this condition of things the judgment sustaining the allegations, and decreeing according to the prayer, of plaintiffs' petition must be changed to one of non-suit, or else the judgment must be avoided and the case remanded.

The effect of a complete and full certificate from the clerk of the court of the first instance precludes dismissal of the appeal, dispenses with the necessity of a statement of facts, or assignment of errors.

20 La. Ann. 213, 234; 18 La. Ann. 261, 282; 17 La. Ann. 319; 15 La. Ann. 420; 28 La. Ann. 815; 35 La. Ann. 1146.

A clerk's certificate that a transcript is complete, as containing all the evidence adduced, etc., protects an appellant, although the transcript does not contain that evidence.

Grand Lodge vs. Cavanac, Tax Collector, 39 La. Ann. 1109.

If the certificate did not contain the declaration that the transcript contained all the evidence adduced, then must the appellant comply with C. P. 602 and 603 as to furnishing a statement of facts under penalty of dismissal of his appeal, or affirmance of the judgment, upon the presumption that the trial judge acted upon proper and sufficient evidence.

But where *all* the evidence upon which the judge acted is in the record, a statement of facts is not necessary. This record contains all the evidence adduced, if the clerk's certificate is to be believed, and there is nothing to impeach it.

It has been held in many cases that the appellate court will affirm the judgment appealed from where no evidence appears in the record, on the presumption that the lower court acted on proper evidence.

It was so held in 22 La. Ann. 73 and 118; in 23 La. Ann. 393 and 504; in 24 La. Ann. 20; in 26 La. Ann. 148 and 734; in 33 La. Ann. 415; and in 34 La. Ann. 631. But in these cases and others it did not appear that the clerk certified to the transcript as containing *all* the evidence adduced upon the trial.

In 35 La. Ann. 1147, however, it appears there was a certificate appended reciting that the transcript contained all the evidence, etc. Yet the court held it must presume the judge acted on sufficient evidence.

But as against this is Smith vs. Morrison, 21 La. Ann. 135. In that case the clerk certified the transcript contained all the evidence offered and proceedings had upon the trial. But the evidence to sustain the judgment was wanting. The court did not hold it would

presume the judge had acted upon sufficient evidence. On the contrary it held that "upon the record as certified we cannot affirm the judgment or dismiss the appeal", and it reversed the judgment and remanded the cause in order that the evidence wanting might be supplied.

And in Abbot vs. Bell, 12 La. Ann. 132, it was held:—"Where a judgment is taken and confirmed by default, although it expresses on its face that due proof of the demand was made, and the clerk's and the judge's certificates state that the record contains *all the evidence adduced on the trial*, yet if the evidence in the record is insufficient, a judgment of non-suit will be entered". (Syllabus.)

We do not find that this appeal can be dismissed; neither do we find that, considering the clerk's certificate that all the evidence adduced is in the transcript, the judgment should be affirmed.

·Nor yet do we find it possible to pronounce definitely on the cause in the state in which it is. This is so because the parties have failed to adduce the necessary testimony.

Accordingly, under the authority of C. P. 906, we conclude to remand the case.

If the clerk's certificate had not contained the declaration that *all the evidence adduced* on the trial of the cause was to be found in the transcript, then would the court here affirm the judgment on the presumption that the court below had rendered the same on proper and sufficient evidence. If the certificate of the clerk was incorrect in the particular mentioned, it was the business of the appellees, for their own protection, to have taken steps for its correction.

It is, therefore, ordered and decreed that the judgment appealed from be avoided, and that this cause be remanded to the court a *qua* for further proceedings according to law—plaintiffs to pay costs of appeal.

Rehearing refused.