## ANSELMO v. PISCIOTTA

---

(November 13, 1928. Opinion and Decree.)
(November 26, 1928. Rehearing Refused.)

---

Jas. N. Brittingham, Jr., of New Orleans, attorney for plaintiff and appellee.

P. L. Fourchy, of New Orleans, attorney for defendant appellant.

JONES, J. Plaintiff, averring that he has a lessor's lien and privilege upon the property in the leased premises, sues defendant in the First City Court of this City for two hundred twenty-five dollars ($225.00) past due rent, and prays for judgment in that amount with recognition of his privilege. The writ was duly issued and plaintiff was personally served with the citation and copy of petition on September 26th. On the 28th day of September, 1926, after plaintiff had offered in evi-

dence the petition, the affidavit, the order of seizure, the citation showing personal service on defendant, and the certificate of the clerk showing that no answer had been filed, and the affidavit made by plaintiff as to correctness of the claim, the trial judge rendered judgment for the amount claimed, with recognition of plaintiff's lien and privilege. This judgment reads in part as follows:

"Defendant failing to appear and answer, and the legal delay in which to make answer having elapsed and *plaintiff making due proof of claim herein * * *.*"

In this court defendant has filed what purports to be an answer and a reconventional demand. We cannot consider this document, as the case comes before us only on the pleadings filed below. See Constitution of 1921, Article 7, Section 91, paragraph 3:

"The First City Court of the City of New Orleans shall also have jurisdiction concurrently with the Civil District Court of all suits for moneyed demands above one hundred dollars and not exceeding three hundred dollars, exclusive of interest; provided, that such cases shall be tried and testimony and evidence therein shall be taken in the same manner as cases tried in the Civil District Court, and the appeal in the Court of Appeal shall be tried upon the *original record thus made up* and shall not be tried *de novo * * *.*"

See also Act 128 of 1921.

In Goldman vs. Thomson, 3 La. App. 469, this court held as follows:

"Where the recitals in a judgment taken by default are that 'plaintiff has made due proof of his claim,' it will be presumed that legal and sufficient evidence was before the Court.

"In City Court suits for money demands within amount stated in Act 128 of 1921, no preliminary default is necessary, and delays for answering are three days only, Sundays and holidays excluded. A judgment taken in conformity with these provisions is valid."

That case, which reviews the subject thoroughly and quotes numerous authorities, is controlling on this court. See also Wilson & Co. vs. Laporte, 4 La. App. 370; (Teiss. Orleans App. Dig. 64); First National Bank vs. Richardson, 163 La. 15, 111 So. 475; Woodward-Wight vs. Savant, 1 La. App. 232; Southern Athletic Club vs. Forster et al., 1 La. App. 310.

For above reasons the judgment is affirmed.