## STREAT v. UNITY INDUSTRIAL LIFE INS. CO.*

### No. 14010.

Court of Appeal of Louisiana. Orleans.
April 4, 1932.

Chas. J. Mundy, of New Orleans, for appellant.

Daniel A. McGovern, Jr., of New Orleans, for appellee.

JANVIER, J.

This is a suit on a policy of industrial life insurance. Citation was duly served, and, the legal delays having expired without appearance by defendant, judgment by default was rendered in favor of plaintiff.

On the same day on which judgment was rendered, but several hours later, an answer was filed by defendant, and thereafter, on motion of defendant, a rule was issued ordering plaintiff to show cause why a new trial should not be granted.

In the motion for the new trial, it was alleged that the answer had not been filed in time to prevent default because the attorney for defendant had been under the impression that the attorney for plaintiff had agreed not to take the matter up for trial until the answer could be filed. New trial was refused.

Appellee moves to dismiss the appeal on two grounds: First, that no citation of appeal was issued or served; and second, that, since there is in the record no evidence on behalf of defendant, it must necessarily follow that defendant could not be successful on appeal, and hence the appeal should be dismissed.

■ That no citation of appeal was issued is not cause for the dismissal of the appeal, for two reasons: First, because no citation was necessary; and second, because, since citation of appeal and service thereof were duly prayed for by appellant, failure to issue or to serve the citation, had either or both been necessary, could not be charged to fault on the part of appellant.

The amount in dispute is in excess of $100. Therefore the jurisdiction of the First city court, in which the suit was filed, was concurrent with that of the civil district court, in which it might have been filed. Under the provisions of Act No. 128 of 1921 (Ex. Sess.), in cases involving more than $100, practice before city courts is governed by the general law regulating proceedings before district courts.

The judgment was rendered and signed on July 31, 1931. The order for appeal was granted on August 8, 1931, without the intervention of a vacation period. We may therefore say exactly what was said in Richardson v. Widow Rosey Caloavello, 3 La. App. 535: "In the present case, the motion for appeal appears to have been made one week subsequent to the judgment which was 'read, rendered and signed in open Court.' Considering these facts and the recent statute just noted, it follows that the appeal herein taken by motion in open court, without citation, and in accordance with Arts. 573 and 574, C. P., was, in all respects, regular."

■ But, if citation and service thereof had been necessary, nevertheless the motion to dismiss the appeal could not have prevailed, because, in the motion for appeal, both citation and service thereof were requested, and both were required by the order granting the appeal.

In Perkins v. Wisner et al., 171 La. 898, 132 So. 493, 495, the Supreme Court said: "It is well settled that no fault is imputable to an appellant for failure of the clerk to prepare the citation when asked for, or of the sheriff to serve the same when issued. Cockerham v. Bosley, 52 La. Ann. 65, 67, 26 So. 814, and cases there cited."

In Cockerham v. Bosley, 52 La. Ann. 65, 26 So. 814, 815, to the same effect, we find:

"* * * It is well settled that an appeal will not be dismissed because of irregularity in the citation of appeal and return thereon, when citation has been prayed for; nor because of insufficient service of citation of appeal, not attributable to the appellant; nor because of failure of the clerk to issue proper citation, when asked for, or the sheriff to serve, when issued. Philips v. Creditors, 37 La. Ann. 701; Murphy v. Insurance Co., 33 La. Ann. 454; Borde v. Erskine. 33 La. Ann. 873; Succession of Townsend, 36 La. Ann. 447."

On the same subject we said in Mioriana et al. v. Star Checker Cab Co. et al., 18 La. App. 333, 134 So. 278: "The failure to issue citation is not chargeable to appellants, since, in the petition for appeal, they prayed that citation be issued, and in the said prayer set forth the names of the defendants on whom they desired citations of appeal served. Under sections 36 and 1907 of the Revised Statutes, and under article 898 of the Code of Practice, we are not permitted to dismiss an appeal because of any defect, error, or irregularity in the petition or order of appeal, or in the citation of appeal, or in the service thereof, unless it appears that the error is imputable to the appellants. The failure to serve citations of appeal on defendants might be chargeable to appellants if the issuance of the citations had not been prayed for in the petition and if the names of the parties to be cited had not been set forth."

See, also, White v. Maison Blanche Co. et al., 142 La. 265, 76 So. 708. Had there been necessity for citation, and had appellant failed to pray for same, then the authorities cited by appellee would have been applicable, and the motion to dismiss would have been sustained.

"* * * Where the law requires citation of appeal, the appellant must pray for it and designate the parties to be cited, or for want of citation the appeal will be dismissed." Comire v. Schiro Amusement Co., 6 La. App. 441.

See, also, numerous cases therein cited as well as Ducre v. Succession of Ducre, 167 La. 133, 118 So. 864, and Bowie v. Menard's Estate, 15 La. App. 18, 131 So. 66.

■ The second ground on which the motion to dismiss is based—that there is in the record no evidence on behalf of defendant-appellant, and that, therefore, a reversal is manifestly impossible—merits scant consideration. Should it prevail, it would follow that in practically all cases in which judgments are rendered by default no appeal could be successful, because seldom indeed, in records made up in confirmation of default, is there evidence favorable to appellant.

Every litigant is entitled to an appeal, and, if a defendant feels that his adversary, in confirming default, has failed to introduce evidence sufficient to form the basis of the judgment, he may, by appeal, have the appellate court decide whether the judgment is founded on adequate proof.

The motion to dismiss the appeal is overruled.

### On Exception of No Cause of Action.

We find in the record an exception of no cause of action. An examination of the petition convinces us that the exception is not well founded, as there seem to be in the petition sufficient allegations of fact to render defendant liable if those allegations be taken as true.

The exception is therefore overruled.

### On the Merits.

■ In the record there is neither note of evidence nor testimony, and we find nothing to show what evidence was adduced except a typewritten memorandum which appears on the judgment and which reads as follows: "Insurance policy in evidence."

Appellant contends that, since no other note of evidence and no testimony appears in the record, it is manifest that there was not sufficient evidence and that the judgment should be reversed.

In the preamble to the judgment appears a statement to the effect that plaintiff made due proof of claim, and it is well settled that in such cases the rule of law is that where, in the certificate of the clerk or judge, nothing is shown as to what evidence is contained in the transcript, then, "if evidence were necessary to have authorized the particular decision complained of, it will be presumed that the evidence was before the court and that it fully justified the conclusion reached." Black on Judgments, § 271, as quoted in Lamazon v. Bromschwig et al., No. 7697 of the docket of this court. See Louisiana and Southern Digest.

It is true that the presumption mentioned in the above quotation may not be indulged where the clerk or judge has certified that the record contains all the evidence and the transcript itself does not show that some of the evidence is missing, and where it is manifest that there is not in the record sufficient evidence to form the basis of the judgment.

In Harrison & Bro. v. Soulabere, 52 La. Ann. 707, 27 So. 111, 112, the Supreme Court said:

"It has been held in many cases that the appellate court will affirm the judgment appealed from where no evidence appears in the record, on the presumption that the lower court acted on proper evidence.

"It was so held in Parham v. Ogle's Estate, 22 La. Ann. 73; Citizens' Bank v. Bringier, 22 La. Ann. 118; Graham v. Rice, 23 La. Ann. 393; Simmons v. Howard, 23 La.

Ann. 504; Smith v. City of New Orleans, 24 La. Ann. 20; Hefner v. Hesse, 26 La. Ann. 148; State v. De Monasterio, 26 La. Ann. 734; Verges v. Gonzales, 33 La. Ann. 415; Nugent v. Stark, 34 La. Ann. 631. But in these cases and others it did not appear that the clerk certified to the transcript as containing all the evidence adduced upon the trial."

In Smith v. Morrison, 21 La. Ann. 135, the clerk of the trial court certified that the transcript or record of appeal contained "a true and correct transcript of all the documents on file, evidence adduced and proceedings," etc. The appellate court found that the record did not contain sufficient evidence to support the judgment, and held that it could not be presumed that the judge had acted on sufficient evidence because the certificate showed that all the evidence was present and that evidence did not support the judgment.

In the syllabus of Abbott v. Bell, 12 La. 132, we find the following: "Where a judgment is taken and confirmed by default, although it expresses on its face, that due proof of the demand was made, and the clerk and judge's certificates state, that the record contains all the evidence adduced on the trial, yet if the evidence in the record, is insufficient, a judgment of non-suit will be entered."

In Mackin et al. v. Wilds, 106 La. 1, on page 6, 30 So. 257, 259, we find:

"Because the judgment begins with the usual formula, to wit, 'the law and the evidence being in favor of the plaintiffs and against the defendant,' etc., the latter's counsel argues that a presumption attaches that the judgment was rendered on sufficient evidence adduced, and such, undoubtedly, would be the case were the clerk's certificate appended to the record silent on the subject of evidence adduced. But where, as in this case, it recites that the transcript contains 'all the evidence adduced,' and none whatever appears, no such presumption attaches.

"This question was exhaustively considered, on full examination of all the authorities, in Harrison v. Soulabere, 52 La. Ann. 707, 27 So. 111, and it was there held that where the clerk certifies to a transcript as containing all the evidence adduced upon the trial, and yet no testimony or evidence of any kind is found in the record to support the judgment rendered, the same must be avoided, and one of nonsuit entered, or else the cause be remanded."

In Pfeifer v. Bacharach, 10 La. App. 30, 121 So. 196, the clerk certified that the record contained all the evidence. This court felt that there was not in the record sufficient evidence, and remanded the matter to the lower court.

We have cited a large number of cases, some recently decided and others passed upon many years ago, for the purpose of showing that it is only where there is a certificate to the effect that the transcript contains all the evidence that absence from the transcript of sufficient evidence to form the basis of the judgment will warrant a reversal.

In the case now before us the certificate made no mention of evidence. It reads as follows:

"I hereby certify the foregoing to be a true and correct Transcript of the Docket of this Court in the above entitled and numbered cause, embracing all the proceedings had, and that attached hereto are all the papers on file except the Appeal Bond, a copy of which is herewith transmitted.
"[Signed] W. Alexander Bahns
"Judge First City Court of New Orleans.
"August 18, 1931."

In view of the fact that in each of the large number of cases to which we have referred and from which we have quoted the evidence was referred to in the certificate attached to the transcript of appeal, we conclude that it is customary, where the evidence is in the transcript, that the certificate so state, and that in the instant case omission of such statement was not inadvertent.

If then, as we find in this transcript, there is no certificate to the effect that all the evidence is attached, we not only may, but must, indulge the presumption that at the trial there was presented sufficient evidence, and that it was not included when the transcript was prepared.

"The clerk does not certify that the record contains all the evidence adduced in the case, and the judgment purports to have been rendered on due proof being made of plaintiff's demand. Evidence may have been, and we are bound to believe, was offered to satisfy the court below; but the plaintiff was under no obligation to have it taken down in writing, for the use of his adversary, in case he should wish to appeal." Fowler v. Smith & Husband, 1 Rob. 448.

See, also, Miller v. Whittier, 6 La. 72; Johnson v. Spearing, 15 La. 232; Fowler v. Smith, 1 Rob. 448; Escurieux v. Chapduc, 4 Rob. 325; Landry v. President & Directors of Jefferson College, 7 Rob. 179; Pellerin v. Levois, 8 La. Ann. 437; Parham v. Ogle's Estate, 22 La. Ann. 73; Graham v. Rice, 23 La. Ann. 393; Simmons v. Howard, 23 La. Ann. 504; Smith v. City of New Orleans, 24 La. Ann. 20; Hefner v. Hesse, 26 La. Ann. 148; State v. De Monasterio, 26 La. Ann. 734; City of New Orleans v. Labatt, 33 La. Ann. 107; Verges v. Gonzales, 33 La. Ann. 415; Nugent v. Stark, 34 La. Ann. 631; In re Fazende, 35 La. Ann. 1147; Thibodeaux v. Winder, 39 La. Ann. 227, 1 So. 451; Succession of Pilcher, 39 La. Ann. 364, 1 So. 929; Miller, Lyon & Co. v. Cappel, 39 La. Ann. 881, 2 So. 807; Succession of

Moore, 42 La. Ann. 335, 7 So. 561; Harrison & Bro. v. His Creditors, 43 La. Ann. 91, 9 So. 15; Goodrich v. Newell, 43 La. Ann. 378, 8 So. 921; State v. Dennie, 51 La. Ann. 610, 25 So. 394; Ansley v. Stuart, 123 La. 341, 48 So. 953; Garig v. Truth Printing & Pub. Co., 123 La. 902, 49 So. 632.

In Anselmo v. Pisciotta, 9 La. App. 370, 120 So. 533, in a syllabus written by the court appears the following: "Where the judgment taken by default in the trial court recites that plaintiff had made due proof of his claim, it will be presumed that sufficient evidence was before the court to justify the conclusion."

In Goldman v. Thomson, 3 La. App. 469, is found in a syllabus prepared by the court: "Where the recitals in a judgment taken by default are that 'plaintiff has made due proof of his claim,' it will be presumed that legal and sufficient evidence was before the Court."

We therefore presume that the trial court had before it evidence supporting the judgment which is now before us.

We find in Rosenthal v. Rosenthal, 117 La. 786, 42 So. 270, a discussion by Mr. Justice Nicholls of the effect of a certificate by the clerk that the record contains all the evidence where in fact there actually appears in the record no evidence at all. In that case it was held that even then there is a presumption that there was sufficient evidence and the judgment was affirmed.

In the case now before us, the certificate made no mention of evidence, and the views expressed in Rosenthal v. Rosenthal do not affect the situation. We mention that case because it seems to be at variance with the overwhelming weight of authority as set forth in the many decisions hereinbefore cited, notably Mackin et al. v. Wilds, supra; Abbott v. Bell, supra, and Pfeifer v. Bacharach, supra.

Since the case was one which in the city court was "governed by the general law regulating proceedings before district courts" (Richardson v. Widow Rosey Caloavello, supra), on the trial below either one of two things must be presumed to have occurred. Either the testimony was not taken "down in writing, and not transcribed, or not filed, then appellant should have taken proceedings to procure a statement of facts from the appellee or to have the testimony transcribed and filed. The practice has been sanctioned by judgment of the Supreme Court to render judgment before the testimony is transcribed or filed, and to permit litigants to file the same long after judgment. [Calder & Co. v. Their Creditors], 47 La. Ann. 346, [16 So. 852]; [Lane v. Illinois Cent. R. Co.], 43 La. Ann. 833, [9 So. 560]. Appellant has done neither. He has not destroyed the presumption in favor of the correctness of the judgment, * * *" Lamazon v. Bromschwig, supra.

We presume that the judgment appealed from was based on sufficient evidence, and therefore it is ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellant.

Affirmed.