WESTERN DIST.
*September*, 1836.

GALE
*vs.*
KEMPER'S HEIRS.

---

GALE *vs.* KEMPER'S HEIRS.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

When a note is payable at a particular place, a personal demand on the drawer cannot always be made, and is not required. It is sufficient if the demand is made of any persons at the place designated.

A notary is not required to make a demand of payment, protest or service of notice in the presence of witnesses. They are only to attest his entry and record.

A notice of protest is properly directed to the principal and nearest post office to the residence of the endorser, when there are more than one in the parish.

A latent ambiguity may be explained by parole evidence. So the certificate of a notary is not an authentic act, and may be explained by parole testimony.

New trials may be granted *ex officio*, in the sound discretion of the court.

This is an action against the widow and heirs of the late Nathan Kemper, deceased, to recover from them the amount of the following promissory note, on the endorsement of their ancestor.

" Parish of St. Mary, April 1, 1829.

" Twelve months after date I promise to pay Nathan Kemper, or order, at the office of discount and deposit of the Bank of the United States, in New-Orleans, one thousand dollars, value received.                     " F. T. HUDSON.

" Pay to the use of Levi H. Gale.
(Endorsed) " Nathan Kemper."

The defendants admitted their ancestor's endorsement, but denied their liability for want of proper demand and legal notice of protest.

The cause was tried on these pleadings and issues.

The notary states in his certificate, dated the 3d April, 1830. " I gave advice of the protest to F. T. Hudson and N. Kemper, by notice in writing, of even date with said protest, which I put into the post office, addressed to them respectively, at the parish of St. Mary, Louisiana ; and again on the 5th (the 4th being Sunday,) I delivered to Levi H. Gale and L. Millaudon, the endorsers, of all of which I make this record in the presence of D. L. M'Kay and D. O. Hinks, witnesses. The original is signed by D. O. H. and D. L. M.                 " G. R. STRINGER, Notary Public."

The testimony of the notary and his clerk, taken on commission, shows that the notices of protest were put in the post office at New-Orleans, and directed to the parish of St. Mary, on the day of protest. This testimony was excepted to as attempting to prove something contradictory to a written instrument by parole.   It was shown that letters

directed to the parish of St. Mary, generally, would arrive at Franklin which was the nearest office to the residence of the maker and endorser of the note. But it also appeared there · was another post office in the parish, though the principal one is at Franklin, the parish seat.

Judgment was rendered for the plaintiff for the amount of the note, against the widow of the deceased for one half, and against eight heirs for the other half, each one for his virile share. The defendants appealed.

*Brownson,* for the plaintiff,

1. Urged the affirmance of the judgment below. The defendants were duly notified of the endorsement of their ancestor, and liability under it.

2. The demand was made at the place where the note was made payable, in a proper manner, and duly protested for non-payment. *Chitty on Bills, page 333, and note.*

*Splane,* for defendant.

1. The notice of protest is not sufficient to bind the endorser. It is not stated in the certificate of the notary in what post office the notice was placed to be sent to the endorser. 5 *Martin, N. S.,* 512. 6 *Ibid,* 457.

2. The notice is defective, because it was only directed to the parish of St. Mary, generally; there are three post offices in the parish.

3. The demand for payment of the note is not properly made. It is not stated of whom the demand was made.

4. The making of the protest, the demand of payment and the putting the notices in the post office, should all be done in the presence of the subscribing witnesses. *Louisiana Code,* 2231.

5. The certificate does not show that the notices were put into the post office the next mail day, after protest. 1 *Louisiana Reports,* 125, 513.

6. The protest of a note, or bill, is an authentic act which cannot be evidenced or supported by parole testimony; nor contradicted or established thereby. *Louisiana Code,* 2256.

7. Protests should be registered in the notary's office, and not kept in loose sheets. This copy is not certified by the proper person.

*Martin, J.*, delivered the opinion of the court.

The defendants complain of the judgment of the District Court against them, rendered on a promissory note, endorsed by their ancestor, on the following grounds:

*First,* The demand was not legally made.

*Second,* The demand, protest and placing the notices in the post office, should have been made in presence of the witnesses.

*Third,* The certificate of the notary does not state in what post office the notices were put.

*,Fourth,* The notice of protest was improperly directed to the *parish of St. Mary,* when there are several post offices in that parish.

*Fifth,* The certificate does not state that the notices of protest were put into the post office, in due time.

*Sixth,* That the *protest* is an authentic act which cannot be proven, contradicted or eked out by parole evidence.

*'Seventh,* That a new trial was improperly granted.

*Eighth,* The heirs are nine in number, and each of them is decreed to pay one eighth of half of the whole debt.

When a note is payable at a particular place, a personal demand on the drawer cannot always be made, and is not required. It is sufficient if the demand is made of any persons at the place designated.

I. The note was made payable at the office of Discount and Deposit of the Bank of the United States, in the city of New-Orleans, and the protest states that demand was made there from the proper officer. When a note is payable at a particular place, a personal demand on the drawer or maker, cannot always be made, and is not required. *It suffices to* have been made of any persons there. *Chitty on Bills,* 333, *and note f.*

A notary is not required to make a demand of payment, protest or service of notice, in the presence of witnesses. They are only to attest his entry and record.

II. The counsel has not shown, and we are unacquainted with any law requiring a notary to be attended by witnesses when he makes a demand or protest, or serves a notice. In speaking of *the witnesses,* the counsel is understood as referring to those who attest the entry of the notary in his book. These, in our opinion, are called on merely to attest that

the entry was made by the notary, and at the time it purports.

III. This point will be examined with the sixth.

IV. The evidence shows, that at the time the notice was sent, there were two post offices in that parish; one in the town of Franklin, the seat of justice, and the other at the Dutch Settlement. The officers of the post office have attested that letters directed, generally, to *St. Mary,* are always sent to the former post office; none being sent to the other, unless they be specially directed thereto. The office at Franklin is the nearest to the residence of the endorser of the note, and the one at which he received his letters and papers. The notice was therefore properly directed.

V. The certificate states that *on the day of* the protest, the notary put the notice in the post office, directed to the endorser, *at the parish* of St. Mary. This was in time, and as soon as it could be done.

VI. No attempt has been made to prove, contradict, or eke out the protest, by parole evidence. The certificate states that the notice was put in *the* post office, directed to the endorser, at the parish of St. Mary. It does not appear on the face of the certificate, that there is any ambiguity in this. The ambiguity which appears is latent, and may be explained by parole evidence.

The certificate is not an authentic act, in the meaning of the article of the Code, to which the counsel refers. *Louisiana Code,* 2256. The authentic act there spoken of, is the act which is received by the notary, in the presence of two witnesses, and subscribed by the party or parties thereto.

VII. New trials, are within the sound discretion of the court, and may be granted *ex officio.*

VIII. The error suggested as to the amount for which each heir is liable, is evident on inspection, and the plaintiff's counsel consents to its correction.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the District Court be annulled, avoided and reversed; and proceeding to give such judgment as in our

WESTERN DIST.
September, 1836.

GALE
vs.
KEMPER'S HEIRS.

A notice of protest is properly directed to the principal and nearest post office to the residence of the endorser, when there are more than one in the parish.

A latent ambiguity may be explained by parole evidence. So the certificate of a notary is not an authentic act, and may be explained by parole testimony.

New trials may be granted *ex officio,* in the sound discretion of the court.

opinion should have been rendered in the court below, it is, therefore, ordered, adjudged and decreed, that the plaintiff do recover of the defendant, the sum of one thousand dollars, with interest at five per cent. per annum, from the 3d day of April, 1830, until paid, together with three dollars, the costs of protest, and the costs in the court below; one half of said sums to be paid by the defendant, widow Nancy Whittaker, and one ninth of the other half by each of the other defendants, respectively; the plaintiff and appellee paying the cost of this appeal.