### LESIN BECNEL *v.* JULIEN TOURNILLON.

The act of 13th March, 1827, relative to bills of exchange and promissory notes, does not change the general commercial law in regard to the diligence to be used in serving notices of protest, but merely provides a new mode of proving such diligence. This law cannot be understood as pointing out the degree of diligence to be used. It merely instructs the notary how to proceed, where the endorser resides in another place than that of the protest, leaving him to ascertain where the notices are to be addressed.

A notice of protest simply directed to an endorser as in a particular parish, where there are several post offices in the parish, and the one at the seat of justice of the parish is not the nearest to his residence, is insufficient.

APPEAL from the District Court of Assumption, *Deblieux,* J.

SIMON, J. The defendant is appellant from a judgment which makes him liable, as endorser, for the amount of a promissory note protested for non-payment by the Parish Judge of the parish of St. John the Baptist, where the drawer of the note resides.

The record shows, that the Parish Judge notified the endorser " by two notices in writing of even date with the protest, which he put, on the day of the protest, in the post office of his parish, addressed to the endorser; the one at Donaldsonville, and the other at the parish of Assumption."

It is established by the evidence, that the defendant is a resident of the parish of Assumption; that there are three post offices. in said parish, one of which is at Towncourtville; that from the defendant's to the latter post office, the distance is about three miles; and that the nearest post office to the defendant's, is that at Towncourtville. An attempt has been made to show, that the defendant gets his mailed letters at the Donaldsonville post office; but the testimony does not go further than to prove the fact that the defendant lives with his father, and that the witness has seen newspapers brought there, from Donaldsonville, for his father. The witness, who is a notary, adds, that whenever he had official notices to give to the defendant, he addressed them to him at the Towncourtville post office, which is the nearest to the defendant's house.

It is contended by the appellee's counsel, that the notice is sufficient, as it was directed to the defendant's place of residence, " Assumption;" and as, by the terms of the law of 1827, (Bullard & Curry's Digest, p. 43, § 14,) notices of protest are to be addressed to the endorsers, at their *domicil* or *usual residence.*

It is true, the law referred to, which, as we have often said, does not change the usage of the commercial law in relation to the diligence to be used in serving notices of protest, but merely provides a new mode of proof of such diligence, (7 La. 11. 3 Robinson, 166,) provides, that " whenever an endorser shall not reside in the town or city where protest shall be made, then it shall be the duty of the notary to put into the nearest post office where the protest is made, a notice of such protest to the endorser, addressed to him at his domicil or usual place of residence." This law, however, has never been understood, and, in our opinion, cannot be understood as pointing out the degree of diligence to be used, or as changing, in any manner, the usages of the commercial law in relation to the extent of such diligence. It only instructs the notary how to proceed when the endorser resides in

another place, leaving to him to ascertain where the notices are to be addressed, as the domicil or place of residence of such endorser. So, in the case of *Nott's Executors* v. *Beard,* 16 La. 310, we held, that the law requires notaries to put the notice in the nearest post office to them, and that the law is satisfied by its being directed, as to the drawer or endorsers, to the post office nearest to them. So, also, in the case of *Gale* v. *Kemper,* 10 La. 209, it was held, that a notice of protest is properly directed to the post office nearest to the residence of the endorser, where there are more than one in the parish; and in the case of the *Union Bank* v. *Brown,* 1 Rob. 107, we recognized the doctrine, that notice of protest to an endorser, when sent by mail, must be directed to the post office nearest his residence, where it is not shown that he was in the habit of receiving his letters from another office. So it was held, also, in the case of the *Mechanics and Traders Bank* v. *Compton et al.,* 2 Robinson, 4; and in the case of *Mead* v. *Carnal and Bryce,* ante, 73.

From the uniform jurisprudence established in all the cases above referred to, it is obvious that we never entertained the idea that a simple direction of the notice to the parish in which the endorser resides was sufficient, unless, as was shown in the case of *Gale* v. *Kemper,* 10 La. 209, the post office be kept at the seat of justice, where the letters, generally addressed " to —, parish of —," are always sent, and it is proved to be the nearest to the endorser's residence. This is in accordance with the rules of the commercial law, with regard to the manner of serving notices of protest. Again, the law of 1827, has not operated any other change, but points out a new mode of proof of the diligence required to be used by the commercial law. Here, one of the letters, addressed to " the parish of Assumption," was undoubtedly sent to the seat of justice, according to the post office regulations; and the evidence shows, that the Towncourtville post office is nearest to the defendant's residence. The notice should, therefore, have been directed to him at the latter place.

We are aware of the great inconvenience which notaries generally labor under, when they have to make a protest in a parish far distant from the residence of the endorsers; and of the difficulty which they experience in discovering or ascertaining the

Becnel v. Tournillon.

exact post office to which the notices are to be forwarded. This difficulty sometimes amounts to an impossibility, and it often happens, that the endorsers are discharged for want of sufficient means of ascertaining, by the notaries, to what particular post offices the notices must be addressed. This is an evil which, perhaps, should be remedied ; for, although, as we said in the case, 16 La. 310, post offices are establishments authorized by the laws of the United States, and our public officers are, perhaps, bound to recognize such as are established in our own State at least, and although notaries may sometimes get their information from the holders of the notes and bills to be protested, still, those means are often insufficient, as it is generally difficult to know or ascertain the distance which there may be between the house of the endorser, and the different post offices that may have been established in his parish. But, however inconvenient and injurious this may often be to our public officers, and citizens in general, it is an evil which our legislature alone can remedy ; and so long as the law shall stand as it now is, on this subject, our duty must be to obey it, and to say, as we have done repeatedly, that a notice of protest, simply directed to a particular parish, and not addressed to the post office nearest to the endorser's residence, in case there are several post offices in the parish, and the one at the seat of justice is not the nearest, is insufficient, and cannot legally bind the endorser.

It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed, and that ours be for the defendant, with costs in both courts.

*M. Taylor*, for the plaintiff.

*Ilsley*, for the appellant.