## ELLIS et al. *v.* LAUVE et al.

*In an action on a note signed by A., by which he promises to pay a certain sum, he appearing on the face of the note to be the only party liable for its amount, instituted against A. and another alleged to be part owner of a steamer for the price of which the note was given, A. cannot be sworn as a witness, at the instance of plaintiff, to establish the liability of his co-defendant as a partner with him. He is incompetent on account of interest.*

APPEAL from the Fourth District Court of New Orleans, *Strawbridge J. T. A. Clarke, Benjamin* and *Micou*, for the plaintiffs. *Sigur* and *Bonford*, for the appellants. The judgment of the court *(King*, J. absent,) was pronounced by

SLIDELL, J. This suit is brought upon two notes of similar tenor. One of them is in these words :

$1,202 45. "Cincinnati, July 1, 1845.

"Nine months after date we promise to pay to the order of *S. W. Hartshorn*, twelve hundred and two 45-100ths, value received, payable at the office of *Omer Lauve*, Esq., N. Orleans. DIMITRY & PLAISENT."

The petition alleges that *Dimitry* and *Plaisent*, were the agents of the defendants, and had been employed by them to have the steamer built, *D.* and *P.* being also part owners; that, at the request of the agents, *Hartshorn* built the hull of the boat, and received the notes for that consideration, but not in novation of the claim for building; that the plaintiffs, as holders of the notes, are subrogated to the rights of *Hartshorn*.

At the trial of the cause, the plaintiffs offered *Dimitry* and *Plaisent* as witnesses. The defendant objected to them as incompetent, by reason of interest; but the court admitted them, and the defendants took a bill of exceptions. This testimony is indispensable to the maintenance of the judgment of the court below, which was in favor of the plaintiffs. Without this testimony, there is no sufficient evidence to connect the notes with the building of the hull by *Hartshorn*, nor to show the value of the work alleged to have been done by him. It is necessary, therefore, to decide the question of competency.

Before doing so, it is proper to notice the other evidence in the cause, which preceded the introduction of those witnesses, and which, the plaintiffs contend, prepared the way for their admissibility.

The plaintiffs had offered articles of partnership, executed by the defendants, by which it was agreed that a steamer should be built, to ply on the Mississippi as a packet. *Lauve* was to be the steamer's agent, at New Orleans; *Dimitry* her captain; and *Plaisent*, the clerk. No partnership name was designated in the articles. It was also proved that *Dimitry* and *Plaisent* had gone to Cincinnati to have the vessel built; and, with authority from *Lauve*, to draw bills upon him for the cost. A letter to the like effect had been addressed by three of the stockholders to a party at Cincinnati, who states that he does not know that he showed it to *Hartshorn*, but that he informed *Hartshorn* that, the parties in Louisiana who wrote it were in high credit. That *Hartshorn* built the hull at the request of *Dimitry* and *Plaisent*, and that he must have known that they were not the sole owners, is also proved.

ELLIS
*v.*
LAUVE.

It is obvious that, on the face of the notes, *Dimitry* and *Plaisent*, are the only parties liable, or proposed to be bound. The case in this respect differs from that of *Knight* against the same defendants, 3 An. p. 64. There the note purported to be the promise of the " Steamer Belle Creole and owners."

This case is, therefore, one in which the plaintiffs call witnesses, who are *primâ facie* alone liable to them for the debt, for the purpose of throwing that liability upon others, as partners with them. An interest thus exists in the plaintiffs' success, which compels us to consider them incompetent. Cases there may be which, upon principle, might seem to countenance the opposite view ; but after much examination we have not found a single case where, under the circumstances presented here, the witness was admitted. It is not necessary to go into a full statement of the decisions. They may be seen on reference to *Collins* v. *Ellis*, 21 Wendell, 401. See also the case of *McIlvain* v. *Franklin*, 2 An. 662. *Cutter* v. *Rathbun*, 3 Hill, 579.

It was suggested in argument on the part of the plaintiffs, that the names signed to the notes, *Dimitry & Plaisent*, might be considered the partnership name and style of the defendants. This proposition is not substantiated by the evidence. We have already observed that no name was adopted in the partnership articles ; and it is not shown that the name in question was so assumed, recognized, and publicly used, as to become the legitimate name and style of the firm.

It is therefore, decreed that, the judgment of the court below be reversed, and that this cause be remanded for further proceedings according to law ; the plaintiffs paying the costs of this appeal.