No. 2512.—STATE OF LOUISIANA, ex rel. W. S. MOUNT, Treasurer, and THE CITY OF NEW ORLEANS, v. THE JUDGE OF THE SIXTH DISTRICT COURT FOR THE PARISH OF ORLEANS.

The city of New Orleans has a direct pecuniary interest in the funds in the custody and under the control of her Treasurer; and a mandamus may issue from the Supreme Court to compel the district judge to grant a suspensive appeal from a judgment against the Treasurer in all cases where the amount involved is sufficient to give the appellate court jurisdiction.

APPLICATION for Writ of Mandamus.

    *J. R. Beckwith,* City Attorney, for relator.   *W. H. Cooley,* judge, respondent.

WYLY, J. The relators apply to this court for a writ of mandamus directing the judge of the Sixth District Court for the parish of Orleans to grant them suspensive appeals from two certain judgments rendered by him on seventeenth December, 1869, to wit: The State, on the relation of Charles Fitz, v. W. S. Mount, Treasurer, and J. O. Landry, Comptroller, and The State, on the relation of Charles Fitz, agent for Widow A. Vogel, v. W. S. Mount, Treasurer, and J. O. Landry, Comptroller, No. 794 and 795 on the docket of the Sixth District Court; and also for a prohibition restraining the execution of said judgments pending this application.

The amount involved in each of the judgments sought to be appealed from far exceeds five hundred dollars, but the district judge refused to grant the appeals because it did not appear to him that W. S. Mount, Treasurer, and the city of New Orleans had an interest in said judgments exceeding five hundred dollars.

It is difficult to conceive how the learned judge arrived at the conclusion that the city of New Orleans had no pecuniary interest in her own funds, amounting to twenty odd thousand dollars, which Charles Fitz, for himself, and as agent, was endeavoring, by legal process, to obtain from her treasury. It is also difficult to conceive a want of interest in W. S. Mount, Treasurer of the city of New Orleans, who is proceeded against in his official capacity, to be compelled to pay large sums out of the funds confided to him. As an individual, W. S. Mount, of

120    SUPREME COURT OF LOUISIANA,

State, ex rel. City Treasurer, v. Judge of Sixth District Court.

course, had no interest, but he was not proceeded against individually. He was brought into court in his official capacity. In that capacity his interest in the funds was commensurate with the amount claimed. If he believed the judgments erroneous it was not only his right, but his duty, as a faithful officer, to resort to the remedy of appeal. An erroneous judgment from which he sought no appeal would not protect the City Treasurer from the consequences of a misapplication of the funds confided to him.

In support of his position the district judge cites the case of the State, on relation of S. Belden, v. Markey, Kaiser et al. recently decided by this court. That case is not analogous to the one before us. There was merely a contest between individuals for office, here is a proceeding by individuals to collect large sums out of the city treasury. Here the city, as the proprietor, and W. S. Mount, as Treasurer, have a direct interest in the funds claimed. The other authorities relied on are also inapplicable.

If the principle contended for by the district judge be correct, no administrator or officer can appeal from a judgment affecting the funds confided to him, however large the amount involved, and however large his fiduciary interest therein, because individually, he may have no interest.

The Governor of the State could not appeal, however large his interest as a public officer, because he might not have a private or personal interest in the litigation. The effect would be that no person occupying a representative capacity could appeal, however large the amount involved, and however erroneous and oppressive the judgment sought to be remedied by appeal.

The objection to the affidavit supporting this application urged by Charles Fitz does not merit a serious consideration. 19 L. 174.

For the foregoing reasons and those assigned in the case of the State, ex rel. The city of New Orleans, v. The Judge of the Sixth District Court, No. 2550, lately decided, it is ordered that the mandamus granted herein be made peremptory.