No. 1102.

## THE STATE EX REL. WENTZ VS. THE JUDGE OF THE FIFTH DISTRICT COURT, PARISH OF OUACHITA.

A mandamus does not lie to compel a Judge to render judgment, or to sign one which is tendered him by counsel, in accordance with the verdict of a jury, when there is a motion for a new trial pending and undecided, and where the Judge *proprio motu* has quashed the verdict and reinstated the case to be tried anew.

APPLICATION for Writs of Mandamus and Prohibition.

*T. O. Benton* for the Relator.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a mandamus and for a prohibition.

The relator complains that the District Judge has refused to sign a judgment which his counsel had prepared and tendered to him, approving and carrying out a verdict in his favor, and that said Judge has subsequently not only entertained a motion for a new trial, offered by the counsel of the party cast, but has gone so far, *proprio motu*, as to quash the verdict and reinstate the case to be tried *de novo*.

The District Judge returns justifying his conduct.

The verdict of a jury is not conclusive upon the presiding Judge. He may approve or disapprove it. In the first instance he must render judgment, and if no motion for a new trial has been made, and if the legal delay has elapsed, it is his duty to sign it. In the last case he may, in the exercise of the discretion vested by law in him, set the verdict aside on rendition, or take time to consider of its correctness. It is only after being satisfied with such correctness of the verdict, that it becomes his duty to render judgment upon it, and in due course to affix his signature to the judgment. When, however, he has not reached such conclusion, the law forbids him from rendering and still less signing a judgment in furtherance of the verdict.

In the present instance, the Judge declined to sign the judgment tendered to him, not so much because it was prematurely offered, but chiefly because he entertained grave doubts as to the correctness of the verdict. While he was thus in doubt, a motion for a new trial was made, which was not brought up by either party to his attention for review before the adjournment of the court. He was not bound to notice it of his own accord. It was incumbent upon one of the parties in interest to have called it up, and requested the action of the court

upon it.   Then only is it that the law could make it the duty of the court to pass upon it and, if overruled, to render judgment on the verdict.   C. P. 546.

The court had adjourned without any action on the motion for a new trial.   Whether the motion did or not abate, or was or not still pending, when, at the opening of the next term, the Judge was again asked to sign the judgment, he was still justified in refusing to sign.

The Judge had no authority to sign the judgment without first disposing of the motion, which could not be done unless contradictorily.

He would in doing so have committed a wrong.   12 An. 562 ; 6 An. 252 ; 32 An. 208.

But it so happened that the Judge, not only declined thus irregularly to render and sign the judgment prepared by counsel, but also (his views having ripened, and the amount allowed by verdict of the jury being considered by him as excessive and outrageous) deemed proper, in the exercise of the discretion which the law vests in him, more specially in instances of this description, to quash the verdict and order a new trial.   C. P. 538, 539, 547 ; 10 La. 209 ; 8 An. 92 ; 10 An. 776 ; 33 An. 883.

With the exercise of such discretion, this Court has no authority *presently* to interfere.

We, therefore, conclude that it was not the duty of the District Judge to sign the judgment presented, and that he had full legal power to annul the verdict and reinstate the case to be tried anew.

Hence, the application must be dismissed at the cost of the relator.