(103 So. 159)

No. 25108.

### WIENER v. SCORDINO.

(Feb. 2, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Taxation ☞805(3)—Failure to give statutory notice of tax sale to property owner prevents running of six months' prescription, barring owner from attacking sale.**

Since Const. 1898, art. 233, and Const. 1913, art. 233, left it to Legislature to provide manner of notice to be given one whose property has been sold at tax sale, and Legislature, by Act No. 101 of 1898, § 1, has prescribed manner of such notice, it is on giving of such required notice that six months' prescription, after which owner cannot attack sale, depends, and, where notice failed to comply with statute, six months' prescription does not begin to run.

**2. Taxation ☞805(3)—Six months' prescription barring owner from attacking tax sale held not to begin to run, where notice of sale and petition to quiet tax title failed to show when tax sale recorded..**

Since Act No. 101 of 1898, § 1, grants no right of action to quiet tax title until expiration of one year from recordation of tax sale, notice to owner of tax sale and petition in suit to quiet tax title thereby obtained, which failed to show when tax sale was recorded, were fatally defective and the six months' prescription provided for in Const. 1913, art. 233, after which owner cannot attack sale, did not begin to run.

157 LA.—26

**3. Taxation ☞734(9)—Failure to give statutory notice of tax sale to one purchasing property and paying taxes thereon held to render sale void.**

Where property was assessed for year 1915, and thereafter purchased by defendant, who was assessed, paid taxes thereon for two succeeding years, defendant as owner of property was entitled to notice that property would be sold for 1915 taxes, though such tax had been assessed in name of another, and, under Const. 1913, art. 233, failure to give defendant notice rendered tax sale void.

Appeal from Civil District Court, Parish of Orleans; Columbus Reid, Judge.

Suit to quiet title by Julius Wiener against Mrs. V. Scordino, wife of Cato Orlando. Judgment for defendant, and plaintiff appeals. Affirmed.

Woodville & Woodville, of New Orleans, for appellant.

George Montgomery and Arthur Landry, both of New Orleans, for appellee.

OVERTON, J. This is a suit to quiet a tax title, instituted in 1919, under article 233 of the Constitution of 1913, and under Act 101 of 1898. The suit is one to quiet such a title upon giving six months' notice.

The petition alleges that plaintiff is the owner of the property in contest, and describes the property. Then it sets forth the following:

"That petitioner acquired said property by act before Robert Legier, notary public, registered in Conveyance Office Book 298, folio 284; a duly certified copy of said title being hereto annexed and made part hereof for greater certainty, the said property having been adjudicated to your petitioner by the city of New Orleans for the city taxes of the year 1915, said adjudication having been made to your petitioner in front of the new courthouse building, in the city of New Orleans, corner Royal and Conti streets by the city of New Orleans, and the deed executed before Robert Legier, notary public, referred to above, having been executed to carry out the act of adjudication."

The petition then sets out the source of defendant's title, and when it was acquired,

and the fact that she is claiming the ownership of the property. Then the following allegation is made:

"That petitioner desires to give notice to the said Mrs. V. Scordino, wife of Cato Orlando, now claiming title to the said property, of said adjudication and deed of transfer to petitioner, and to notify her that, unless an action to rescind the said tax sale is instituted within six months from service thereof, petitioner will proceed to secure judgment, confirming and quieting said tax, title."

This petition and a citation, directed to defendant, were served upon her. Six months elapsed after the making of service, and still no suit was filed to annul the sale, nor had any appearance been made by her up to that time in the proceeding to quiet the title. Plaintiff then ruled defendant to show cause why judgment should not be entered quieting the title. She then filed an answer and reconventional demand in the suit to quiet, and also an answer to the rule. In both of these answers the following averment appears, to wit:

"Further answering, defendant avers that petitioner herein has not complied in his petition with the essential requirements of Act 101 of 1898, in that, among other things, he has failed to allege the 'time of the sale' to him, he has failed to give 'the name of the officer who made' the alleged sale, he has failed to give the 'date of record of tax deed,' and has failed to give proper notice to defendant, as required by law; all of which the said Act 101 of 1898 provides 'must appear' in the petition."

In her reconventional demand, filed in the proceeding to quiet the title, defendant alleges that she is the owner of the property, and that the tax sale sought to be quieted is null and void, for the reason, among others, that no notice of the intended sale was ever given her.

[1] The first question to be decided is, Has the attack upon the sale been made too late to be effective? Or, in other words, when the attack was made, had the prescription of six months accrued?

Article 233 of the Constitution of 1913, under which the proceeding herein was instituted and tried, in so far as it is pertinent, reads:

"No sale of property for taxes shall be set aside for any cause, except on proof of dual assessment, or of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption has expired, and within three years from the date of recordation of the tax deed, if no notice is given. The manner of notice and form of proceeding to quiet tax titles shall be provided by law."

In the Constitution of 1898, an article to the same effect appears, and bears the same number. The Legislature, in 1898, passed an act to carry into effect that article of the Constitution of 1898 by providing the manner of notice and the form of proceeding to quiet tax titles. Act 101 of 1898. The act is still in force, and, in part, reads:

"That the manner of notice and form of proceeding to quiet tax titles in accordance with article 233, of the Constitution, shall be as follows:

"After the lapse of twelve months from the date of recording the tax deed, in the conveyance records of the parish where such property is situated, the purchaser, his heirs or assigns, may institute suit by petition and citation as in ordinary actions against the former proprietor or proprietors of the property in which petition must appear a description of the property, mention of the time and place of the sale and name of officer who made same, reference to page of record book and date of record [of] tax deed, notice that petitioner is owner of the said property by virtue of said tax sale, and notice that the title will be confirmed unless a proceeding to annul is instituted within six months from date of service of the petition and citation." * * * Section 1 of Act 101 of 1898.

As we have seen, both the Constitutions of 1898 and 1913 left it to the Legislature to provide the "manner of notice" to be given the one whose property has been sold at tax sale, upon the giving of which notice the running of the six months' prescription depends; and, in our view, the foregoing requirements, quoted from the act of 1898, con-

stitute the notice contemplated by the Constitutions cited. The Legislature has provided no other notice. If notice which fails to comply with those requirements is given, it is virtually the same, because of such failure, as if no notice had been given at all; and, at least, in the absence of a judgment quieting the tax title, which, in effect, would be a judgment holding that the law had been complied with, it cannot be said, or held, that the six months' prescription has accrued.

[2] Defendant has assigned several reasons why the prescription of six months has not accrued, and as to why her attack on the tax sale, upon the ground relied upon by her, which is a ground of attack that may be barred by the prescription of six months, is' timely. One of these reasons is that the notice required by law to be given her is fatally defective, in that the petition does not show when the tax sale was recorded. Plaintiff replies by saying that what information the law requires to be furnished which is not given in his petition is given in the copy of the tax sale attached to and made a part of the petition. We are unable to find any such allegation in the petition, though we have examined the petition carefully, and have almost reproduced it in this opinion. Granting, however, without so deciding, that it is sufficient, under the act of 1898, that the information required to be given by the statute, appears in documents attached to and made part of the petition, still it does not appear from the documents attached to the petition, including the certificate of registry, when the sale was recorded. Section 1 of the act of 1898 requires that this information be given in the proceeding to quiet a tax title. Not only does that statute so require, but, in addition thereto, it grants no right of action to quiet a tax title until the expiration of one year from the recordation of the tax sale. Hence, as plaintiff's petition is defective in this respect, and as the notice of sale given is likewise defective, the rule filed by plaintiff to show cause why judgment should not be entered in his favor was properly dismissed, and for the same reason the prescription of six months had not accrued, nor even begun to run, when defendant made her attack on the tax title, and therefore that attack was not too late.

[3] As we have said, the ground relied on by defendant to annul the sale is that notice of the intended sale was not given her. It appears that the property was assessed in the name of a Mrs. Klein, a former owner, for the year 1915, for the taxes for which year the property was sold. The tax collector for the city of New Orleans could not find Mrs. Klein, and therefore the attempt was made to notify her, as an unknown owner, by publication. As a matter of fact Mrs. Klein was dead, and her heirs had been sent into possession of the property, and had sold it. Plaintiff admits that defendant purchased the property in 1915, and that her deed is of record. The evidence shows that for the years 1916 and 1917, the two years preceding the tax sale, as well as for succeeding years, the city assessed the property to, and collected the taxes thereon from, defendant. Therefore the city had knowledge that defendant was the owner of the property in 1918, at the time of the sale. Hence, notwithstanding the assessment in the name of Mrs. Klein, defendant, as the owner of the property, was entitled to notice that the property would be sold unless the taxes due thereon were paid. As she received no such notice, the sale was null, and should be set aside. Constitution of 1913, art. 233. Adolph v. Richardson, 52 La. Ann. 1156, 27 So. 665; In re Lafferranderie, 114 La. 6, 37 So. 990.

The judgment rendered below rejected plaintiff's demand and annulled the sale. It should be affirmed.

Judgment affirmed at appellant's costs.