## No. 2187.

### Second Circuit Appeal.

**ARTHUR LEMOINE v. E. O. DUPUIS.**
**E. McILHENNY'S SONS, Intervenors.**

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 461, 473, 518, 572.**

Where the clerk's certificate in a case says that the record contains all evidence adduced in the case, and the record contains no evidence at all, the certificate means that no evidence was adduced. The surrounding circumstances in this case show this to be a fact.

2. **Louisiana Digest—Evidence—Par. 173, 177; Taxation—Par. 382.**

Act 43 of 1870, concerning records of courts as evidence, applies only to court records and not to tax deeds. The tax deed or a certified copy thereof must be proven by plaintiff where it is made the basis of a suit.

3. **Louisiana Digest—Appeal—Par. 727, 729, 733, 744.**

Where the record shows that the district judge overruled defendant's exception and immediately proceeded to render final judgment against him without any default, without allowing him to file any defense to the merits, and apparently without any evidence, the case will be remanded for further proceedings according to law.

4. **Louisiana Digest—Pleading—Par. 62; Taxation—Par. 381.**

Under Act 101 of 1898 regarding tax sales, it is not necessary for the plaintiff or intervenor to state the date of record of the tax deed in order to state a cause of action. Therefore, an exception of no cause of action aimed against plaintiff's petition should be overruled.

5. **Louisiana Digest—Taxation—Par. 336, 377.**

Where the plaintiff, suing to quiet a tax title, does not give notice in his petition of the book and page number and date of registry of tax sale nor of a correction deed which was afterward filed, the petition is insufficient to start the prescription of six months provided by Act 101 of 1898.

6. **Louisiana Digest—Taxation—Par. 376, 377.**

At the expiration of twelve months after the registry of the tax deed, the plaintiff suing to quiet his tax deed has the right to proceed under Act 101 of 1898, and therefore, his suit is not premature.

7. **Louisiana Digest—Taxation—Par. 372.**

The words in Act 101 of 1898 stating that the "purchaser may institute suit * * * against the former proprietor or proprietors", clearly implies that the suit shall be brought against all of the former proprietors. Therefore, an exception of non-joinder is properly filed where all of the former proprietors are not made defendants.

8. **Louisiana Digest—Intervention—Par. 5, 12, 13.**

Plaintiff cannot cut intervenor off from joining in the defense of the defendant by obtaining an erroneous ruling from the district judge not allowing defendant to make any defense.

9. **Louisiana Digest—Taxation—Par. 381; Pleading—Par. 62, 63.**

The lapse of six months provided by Act 101 of 1898 might extinguish a cause of action by a plea to that effect. An exception of no cause of action cannot be made to do service as a plea of prescription.

(Note: See McIlhenny's Sons vs. Couvillon, p. 734 herein.)

Appeal from Fourteenth Judicial District Court of Louisiana, Parish of Avoyelles, Hon. S. Allen Bordelon, Judge.

This is a suit brought under Act 101 of 1898 to quiet a tax title.

Defendant filed an exception of no cause of action, a plea of prematurity and exception of non-joinder.

E. A. McIlhenny's Sons filed an intervention.

Plaintiff thereupon filed an exception of no cause of action and a plea of estoppel

to the intervention. Intervenor dismissed the intervention and filed another one to which the plaintiff filed the same exception which he had filed before.

There was judgment for plaintiff and defendant and intervenor appealed.

Judgment reversed and set aside and case remanded to the lower court to be proceeded with in accordance with the law.

Weeks and Weeks, of New Iberia, and Porterie and Bordelon, of Marksville, attorneys for plaintiff, appellant.

L. P. Gremillion, of Marksville, and W. E. Couvillon, of Marksville, attorneys for defendants, appellees.

CARVER, J. Plaintiff brings this suit under Act 101 of 1898 to quiet a tax title which he alleges was made by the Tax Collector of Avoyelles parish covering property described in the deed as follows:

"A certain tract or parcel of land situated and being in the Second Ward of the Parish of Avoyelles, Louisiana, containing 33 acres, more or less; being W½ of 72 from McIlhenny tract."

He alleges that the property was adjudicated to him on August 27, 1921, for taxes of 1920 assessed to E. O. Dupuis and that the Tax Collector by error made the deed to W. F. Couvillon but that by act passed subsequently the Tax Collector and Couvillon admitted the error and corrected it by inserting plaintiff's name in the deed instead of Couvillon's.

He does not give the date either of the tax deed or the correction deed, but says the tax deed was recorded in alienation book A24 at page 140 and that "more than twelve months have elapsed since the date of registry of said deed", and that the corrective act is recorded in alienation book _____ at page _____. The petition leaves these blank.

He alleges that he annexes certified copies of the tax deed and corrective act and makes them part of the petition; but they were really not annexed. He does not allege when the corrective act was recorded.

Suit was filed November 8, 1922, against E. O. Dupuis alone, and on the same day Dupuis' attorney accepted service and waived citation.

No other steps were taken in the suit by either side until September 6, 1923, when defendant filed an exception of no cause or right of action and also a plea of prematurity based on the averment that the period of twelve months allowed by law for redemption of the property did not begin to run until after the corrective deed, the date of which defendant gives as October 20, 1922, and that the right to proceed under Act 101 of 1898 did not accrue until October 20, 1923.

On November 17, 1923, defendant filed another exception, alleging that the property in question did not belong to him alone but to him and Armand Dupuis in indivision and that under Act 101 of 1898 all co-owners were necessary parties and that Armand Dupuis had not been made a party or cited.

On September 12, 1923, E. A. McIlhenny's Sons, a corporation, filed an intervention alleging that it had a mortgage and vendor's privilege on the property involved and, therefore had an interest in attacking the tax sale. It then alleged various grounds of nullity, substantially the same as those set up in its separate suit against Lemoine this day decided. It also alleged the tender made in that suit. It further alleged, paragraph XIV, as follows:

"that a suit has been brought by it and on its behalf and is now pending to have the said tax sale declared absolutely null and void, and of no effect, and that the bringing of said suit is an absolute bar to

any further judgment being rendered in this suit, quieting or confirming any title in the said Lemoine."

On October 17, 1923, plaintiff filed exceptions to the intervention as follows:

1. No right or cause of action, in that intervenor can only join plaintiff or defendant or oppose both, but did none of these.

2. In the alternative, no right or cause of action, because more than six months had elapsed since the institution of the suit to confirm and more than one year from recordation of the tax deed.

3. Also. in the alternative, that intertervenor was estopped from attacking the tax sale by the tender alleged in its intervention.

On November 17, 1923, no trial having been had of these exceptions, intervenor voluntarily dismissed its intervention, but on the same day filed another one, substantially the same, but containing a formal allegation, which the other one lacked, that it joined the defendant in opposing the plaintiff's demand.

On January 17, 1924, plaintiff filed exceptions to the new intervention identical with those filed to the old one.

The minutes of court show as follows:

"January 16, 1924. Plea of no cause of action and prematurity and exception and motion filed by Arthur Lemoine to the intervention taken up and argued. Plea of prescription also taken up and argued.

"March 8, 1924. Exception of no cause of action and plea of prematurity filed by E. O. Dupuis on September 16, 1923, overruled. Plea of misjoinder filed by E. O. Dupuis on November 17, 1923, overruled. Intervention filed November 19, 1923, by E. O. Dupuis (meaning, of course, McIlhenny & Sons) ordered stricken out and dismissed. Exception filed by Arthur Le-

moine January 17, 1924, sustained and Arthur Lemoine ordered and authorized to take judgment quieting and confirming titles to property described in petition."

The minutes show nothing between March 8, 1924, and March 14, 1924, on which day they show as follows:

Arthur Lemoine
vs.    No. 5203
E. O. Dupuis.

Counsel for E. O. Dupuis, defendant in the above numbered and entitled case and for E. McIlhenny's Sons, intervenors in the above numbered and entitled cause, object to the language used in the preamble of the judgment in said case, because said judgment attempts to show that no plea of any nature whatsoever was filed by either the defendant or the intervenors, which is erroneous and misleading, and not in keeping with the records in the matter.

Objection overruled.

Judgment signed ordering and decreeing that plaintiff's title to the property described therein be and the same are hereby confirmed and quieted, and the said plaintiff, Arthur Lemoine, recognized as the sole and only owner of said property, enjoining and prohibiting the defendant, E. O. Dupuis, as well as his heirs, administrators and assigns, from setting up any right, title or interest to the said property or any part or portion thereof. See decree.

The judgment signed was as follows:

"Arthur Lemoine vs. E. O. Dupuis, No. 5203.

"Fourteenth Judicial District Court, Parish of Avoyelles, State of Louisiana.

"The Honorable S. Allen Bordelon, presiding.

"In the above numbered and entitled case, the defendant having failed to appear and answer or make any defenses or attacks upon plaintiff's title to the property hereinafter described within the period of six months allowed him from date of notice within which to do so under the law, and the law and the evidence being in favor of the plaintiff, Arthur Le-

moine and against the defendant, E. O. Dupuis, it is by reason thereof:

"Ordered, adjudged and decreed, that plaintiff's title to the property described as follows:

" 'A certain tract of land situated and being in the Second Ward of the Parish of Avoyelles, Louisiana, containing thirty-three (33) acres, more or less, being west half (W½) of seventy-two (72) acres from McIlhenny Tract.'

be and the same are hereby confirmed and quieted, and the said plaintiff, Arthur Lemoine, recognized as the sole and only owner of said property, and the said defendant, E. O. Dupuis, be enjoined and prohibited, as well as his heirs, administrators and assigns, from setting up any right, title or interest in or to the said property or any part or portion thereof.

"Thus done, read and signed in open court at Marksville, Louisiana, on the 14th day of March, A. D., 1924.

"S. Allen Bordelon,<br>"Judge."

From this judgment defendant and intervenor appeal.

The clerk's certificate to the record lodged in this court reads as follows:

"State of Louisiana, Parish of Avoyelles, Office of Clerk of Court.

"I hereby certify that the foregoing thirteen pages contain a true, correct and complete transcript of all evidence adduced, documents filed and proceedings had in the case wherein Arthur Lemoine is plaintiff and E. O. Dupuis defendant, being No. 5203 of the docket of this honorable court; that the following cases, viz:

"No. 5204, entitled Arthur Lemoine vs. Armand Dupuis;

"No. 5499, entitled E. McIlhenny's Sons vs. W. F. Couvillon et al;

"No. 5302, entitled E. McIlhenny's Sons vs. Arthur Lemoine et al. annexed to this transcript, form a part hereof, said four cases having been consolidated by order of court for the purpose of an appeal to the Second Circuit.

"Clerk's Office, Marksville, La., May 2, 1924.

"(Seal)                    J. D. Lecour,
              "Deputy Clerk of Court."

The consolidation mentioned in the clerk's certificate was made by the district judge ex proprio motu.

It has been mentioned that certified copies of the tax sale and corrective act, though declared annexed to the plaintiff's petition, were not annexed. After the record was lodged in this court certified copies of these instruments were placed therein; but it is admitted that not having been filed below they form no proper part of the record.

We call atention to the evident error in the date of the tax deed, which is given as August 30, 1922.

## OPINION.

Plaintiff's counsel in this court argue that as the record contains no note of evidence the court should presume that the judgment was rendered on proper evidence and therefore affirm it.

They cite:

Boyd vs. Bradley, 134 La. 223, 63 South. 883, and Chenault vs. Howard, 151 La. 991, 92 South. 587.

The clerk's certificate in this case says, amongst other things, that the record contains all the evidence adduced in the case, and as it contains no evidence at all it would seem that his certificate means that no evidence was adduced which, we are, satisfied from other circumstances shown by the record, is the fact.

In the Boyd case the clerk's certificate as copied in the report did not state that the record contained all evidence adduced but only that it contained "all documents filed and proceedings had".

We have examined the cases cited in the Boyd case, namely:

Graham vs. Rice, 23 La. Ann. 393.
State vs. Campbell, 23 La. Ann. 445.

State vs. DeMonasterio, 26 La. Ann. 734.

Hefner vs. Hesse, 26 La. Ann. 148.

Parham vs. Ogle, 22 La. Ann. 73.

Citizens Bank vs. Ogle, 22 La. Ann. 119.

Nugent vs. Stark, 34 La. Ann. 631.

In re Fazende & Seixas, 34 La. Ann. 1145.

In none of these cases except the Fazende case does the report show whether the clerk certified to the inclusion of all the evidence or not. The reasonable presumption is that he did not so certify. If not, room was left to presume without discrediting his certificate that testimony was adduced which was not placed in the record, perhaps because not taken down.

In the Bringier case, the appeal was by a judgment debtor, not from the judgment against him but from the judgment of his creditor against a garnishee. The garnishee' had confessed judgment, and the court says that defendant introduced no evidence at all.

In the Fazende case, 35 La. Ann. 1146, the clerk's certificate did not say that the transcript contained all testimony and evidence adduced and although the record did not contain any evidence the court applied the presumption contended for by plaintiff herein. It cited as authority the cases above mentioned.

In the Fazende case, though, and also in the Boyd case, it is apparent that the presumption was indulged respecting oral testimony and not documentary evidence.

In the Chenault case, the report does not show whether the clerk certified to inclusion of all evidence or not, but the minutes of court recited that evidence was adduced on confirmation of default and the judgment recited that the evidence was in plaintiff's favor and proved his demand in full.

The court on the original hearing held that inasmuch as the documentary evidence necessary to establish plaintiff's demand (a deed from Stickney to plaintiff) was part of the court records it was not necessary under Act 43 of 1870 to produce and file a copy in the record of the case; such documentary evidence, so far as the record was concerned, being on the same footing as parol evidence and hence the absence of the document from the record did not warrant the presumption that it was not introduced in evidence; and there being no note of evidence, it was proper to apply the presumption that the judge had acted on sufficient evidence.

But on rehearing the court held that the document in question was not of the kind covered by Act 43 of 1870, wherefore the presumption could not be applied, and remanded the case for a new trial.

In this case plaintiff could not prove his demand without the tax deed or a copy thereof, and although such deed is a part of the archives of the clerk of the court, who is ex-officio recorder, it is not a part of the court records and the Act of 1870 by its terms applies only to court records.

We think, therefore, the plaintiff's contention on this score must be rejected.

Furthermore, in both the Fazende case and the DeMonasterio case the court did consider and correct errors apparent on the face of the record.

Such an error appears here, namely, the action of the judge in overruling defendant's exception and immediately proceeding to render final judgment against him without any default, without allowing him to file any defense to the merits, and apparently without any evidence.

## EXCEPTION OF NO CAUSE OF ACTION.

Defendant's counsel urges that plaintiff's petition fails to allege a cause of action because it fails to state the date

of record of the tax deed which, they claim, is sacramental under Act 101 of 1898.

They cite Wiener vs. Scordino, 157 La. 801, 103 South. 159.

We do not understand this case as holding that notice of this date of registry is necessary in order to state a cause of action under Act 101 of 1898. The holding merely is that notice of such date is necessary to start the prescription of six months, so that if that notice is not given, the prescription of six months is not available to plaintiff and the way is left open for the former owner to attack the sale not only on the ground permissible after six months from such notice but also on any other ground to which the tax sale may be subject.

The cause of action is, we think, the allegation that plaintiff has a tax sale and is entitled to confirm it.

We think, therefore, the district judge properly overruled the exception of no cause or right of action.

The Wiener case, though, does decide, as said above, that in order to start the six months' prescription to running the notice prescribed by the statute, including the date of recording the tax deed, must be given. Unless, therefore, it can be regarded as given in the present case, defendant may still avail himself of any ground of nullity.

Plaintiff contends, though, that his allegation that the tax deed had been recorded more than twelve months before the suit to confirm was filed is a substantial compliance with the requirement of the statute in this respect.

We need not express any opinion as to whether this would have been a sufficient compliance if the deed had been made to plaintiff. It was not made to

him and became one in his favor only by virtue of the corrective act subsequently filed. As to this act, the petition gives neither the date nor the book or page of registry.

In requiring notice of book and page and date of registry to be given the lawmaker intended, we think, to require these particulars respecting that act, if only one, or all of those acts, if more than one, which purported not only to divest the former owner of the property but to invest the new claimant with title thereto.

Counsel correctly argue that the adjudication is what transfers the ownership, the deed being merely evidence thereof. Where, therefore, the deed first given is erroneous as to the adjudicatee and a second deed is drawn correcting it, it takes both deeds truly to show the doings of the tax collector which effectuate the transfer of the former owner's title to the tax purchaser.

In requiring notice to be given of book, page and date of registry of taxation the object of the law is, we think, to enable the former owner to find on the record, without having to search for it himself, all the evidence of the tax collector's act which are claimed to transfer his property to the tax purchaser. This object is not accomplished by giving notice of book and page and date of registry of the erroneous act and then merely stating that another act was passed correcting the error without giving book and page of the corrective act or any information whatever as to the date of its registry.

Our conclusion, therefore, is that the notice given in the petition in this case was insufficient to start the prescription of six months and that defendant is free to assail the tax deed on any ground of nullity to which it may be subject.

## PLEA OF PREMATURITY.

We think the district judge properly overruled this plea. Whether correct or not as to the adjudicatee, the tax deed showed a divestiture of defendant's title and the time of redemption began to run, we think, from the date of registry. Defendant had the right to act on the faith of the public record and treat Couvillon as the purchaser, and redeem or offer to redeem the property from him. The fact that the act needed correction in this respect and was afterwards corrected did not, we think, operate to extend the period during which defendant was entitled to redeem. At the expiration of twelve months after registry of the tax deed we think plaintiff had the right to proceed under Act 101 of 1898.

## EXCEPTION OF NON-JOINDER.

We think defendant's exception that the property did not belong to him alone but in indivision to him and Armand Dupuis and that said Armand Dupuis was a necessary party to the suit, entitled him to a hearing on that question of fact and if found true entitled him either to a dismissal of the suit or at least to a stay of proceedings for the purpose of making Armand Dupuis a party. It is true the act does not in express terms require that all co-proprietors be made parties but in saying that the tax purchaser "may institute suit * * * against the former proprietor or proprietors" we think it clearly implies that the suit shall be brought against them all. A good reason for this requirement is that one of the co-proprietors might know of some reason why the tax sale is invalid which is unknown to the others and each is entitled before the tax purchaser obtains judgment against him to require the purchaser to give the proper notice to the others in order to have the benefit of their assistance in the suit without being obliged to notify them himself. It is certain that the judgment would not be binding on any co-proprietor who was not notified, and we think the lawmaker intended that the tax sale should be dealt with as an indivisible entirety and not in such fashion as that it might be held valid as to some and invalid as to other co-proprietors.

In overruling this exception, without hearing evidence, we think the lower court erred.

## INTERVENTION.

We think plaintiff's exception that the petition of intervention disclosed no right or cause of action should have been overruled.

One ground of this exception was that it could only intervene to join plaintiff or defendant or oppose both but it did neither of these.

The intervenor stated in its petition that it desired to join defendant in resisting plaintiff's demand. It is true defendant had not yet filed any defense to the merits but he had filed preliminary pleas which in our opinion he had the right to file, and was evidently intending to file, and we think had a right to file them with a defense on the merits if the plea should be overruled.

Plaintiff could not, we think, cut intervenor off from joining in the defense by obtaining an erroneous ruling from the district judge disallowing defendant to make any defense.

Another ground of this exception was that six months had elapsed since the suit was filed.

The lapse of six months might extinguish a cause of action but when it does it is by virtue of some law establishing

that period as a term of prescription which must be specially pleaded.

We do not understand that the exception of no cause of action can be made to do service as a plea of prescription. If, however, the plea be construed as one of prescription, it cannot prevail as to intervenor, not only for the reasons given above in the discussion of defendant's exception, but also because the petition of intervention alleged that intervenor had brought a suit to annul the tax sale, without saying when it had been brought.

From all that appears in this record to the contrary it might have been brought before the suit to confirm was filed. As a matter of fact, it was not. But that suit while ordered consolidated with this for the purpose of appeal was not consolidated for the trial in the lower court and neither suit was introduced in evidence in the other.

The district judge, therefore, could not act in this suit on facts shown only in the other.

### PLEA OF ESTOPPEL.

This plea was fully discussed in our opinion in the case of McIlhenny vs. Couvillon et al., this day decided, and it is unnecessary, therefore to repeat the discussion here.

For the foregoing reasons it is decreed:

1. That the judgment of the lower court be set aside.

2. That defendant's plea of no cause of action and prematurity be overruled.

3. That defendant's plea that the property was owned in indivision by him and Armand Dupuis be set down for trial on the question of fact therein alleged.

4. That plaintiff's exception of no cause of action to the intervention be overruled, without prejudice to plaintiff's right to plead prescription.

5. That the case be remanded to the lower court to be proceeded with in accordance with law and the views herein expressed.

6. That plaintiff pay the costs of appeal; those of the lower court to await the final judgment.