LEON MARX & SONS v. LEICHNER

———

(November 13, 1928. Opinion and Decree.)

———

Montgomery and Montgomery, of New Orleans, attorneys for plaintiff, appellant.

J. K. Bailey, of New Orleans, attorney for defendant, appellee.

JONES, J. Plaintiff, a New York partnership, sues for $214.75 as a balance due for merchandise sold and delivered to defendant. The petition was filed on the 25th day of October, 1927, and personal service was made on defendant on October 26th.

On November 7th, plaintiff, having pro-duced a certificate from the clerk of court to the effect that no answer had been filed, and having made proof of his claim, secured judgment for the amount, which judgment was signed on the same day.

Later on the same day, November 7th, defendant filed an answer, and on the next day, namely, November 8th, she filed a motion for a new trial on the following grounds:

"That an answer was filed in this cause on the date that judgment was entered; that no evidence was produced and that the default was confirmed on the same day that it was entered, contrary to law."

On the same day the Court granted a new trial in the following words:

"Considering the above motion, etc., the Court grants a new trial herein, as judgment was not signed and prematurely rendered."

Plaintiff then, on November 10th, filed a motion to rescind the order granting the new trial on the ground that he had not been given an opportunity of being heard, but this motion was refused on the ground that all parties were absent on the day that it was set for hearing.

The defendant, though admitting in her answer the sale and delivery of the goods, averred that they were not what she had ordered, and that the unsatisfactory merchandise had been returned to the plaintiff upon his promise to accept the same.

After trial on the merits judgment was rendered in favor of plaintiff in the sum of $31.50, with legal interest, and plaintiff has appealed to this Court.

In his oral argument and brief here, defendant urges two points: First, that the trial Judge had no right to grant the new trial; Second, that the evidence did not

564

justify the judgment. We shall consider these points in the order named.

In the case of Anselmo vs. Pisciotta, No. 10,759, Court of Appeal, Orleans Parish, this Court held that Act 128 of 1921, the controlling law, did not deprive a party against whom a judgment had been rendered from applying for a new trial within the delay provided by law, even if the judgment had been signed before the expiration of that delay.

Admitting this, appellant contends that the new trial was not legally granted. He cites Articles 310, 314, 317, 548 and 557 of the Code of Practice and the following decisions of the Supreme Court:

Halsey vs. Comeau, Man's Unreported Cases 310; State vs. The Judge of the First City Court, 46 La. Ann. 365, 14 So. 906; Cochrane vs. Miller, 10 La. Ann. 140; Winchester vs. Rightor, 12 La. Ann. 255; Small vs. Flink, 7 La. Ann. 352; Ellis vs. Lave, 4 La. Ann. 245; McRae vs. Purvis, Gladden & Co., 12 La. Ann. 85.

We have examined these authorities car fully, but they do not sustain the contention of defendant. On the contrary, the law places the granting of a new trial rests within the discretion of the trial judge.

State ex rel. Shreveport Cotton Oil Co. vs. Blackman, Judge, 110 La. 267, 34 So. 438:

"So far as granting the new trial was concerned, that might have been done, within the legal delays, by the Judge *ex proprio motu*. He has, within such delays, such control of the judgment that, if satisfied of an error committed, he may, with or without a formal motion for new trial having been filed by the party cast, direct the judgment he has rendered set aside and a new trial ordered."

Gale vs. Kemper's Heirs, 10 La. 209; State vs. Judge, 8 La. Ann. 93; Underwood vs. Lacapere, 10 La. Ann. 766; Culver-house vs. Marx, 38 La. Ann. 688; Code Prac. Art. 547, Par. 3; State ex rel. Broussard vs. Judge, 51 La. Ann. 500, 25 So. 96.

The strongest case cited by defendant is Small vs. Flink, 7 La. Ann. 3522, where the Court said that a judgment by default will not be set aside by an answer to the merits when the defendant can show nothing in his favor but his own laches and their fatal consequence. That case came before the Supreme Court on an appeal from a decision refusing a new trial in a promissory note case, where the original judgment had been taken on the 30th of April, 1834, and the default had not been confirmed until the 6th of May, following, and where the motion for new trial was not filed until two days later. The Court, in confirming the judgment refusing the new trial, held that the Judge of the lower court had acted within his legal discretion.

In this case the situation is changed. Here the judge of the lower court has granted a motion for a new trial and the appellant contends that the decision of the Judge should be reversed. We think that the decision in this case is overruled by the decision quoted above in State ex rel. Shreveport Cotton Oil Co. vs. Blackman, Judge, 110 La. 267, 34 So. 438.

## ON THE MERITS

Appellant urges that the agreement to take back the goods, even if made, was not binding, because it was without consideration. This argument is untenable, as the record shows that the parties had frequently done business together, and the hope of retaining the good will of his customer, and doing business with her in the future, was a sufficient consideration to sustain the promise to accept the return of the merchandise.

A careful examination of the testimony convinces us that the decision of the trial

Judge on the merits is. correct. Only one witness, who was a partner in the firm, testified for the plaintiff, whereas the testimony of the defendant was corroborated by two other witnesses, one of whom had been an employee of hers of some years, while the other had left the employ of the defendant.

For above reasons the judgment is affirmed.