## PFEIFER v. BACHARACH

---

(March 18, 1929. Opinion and Decree.)

---

Smith, Matthews & Dunbar, Anna Wogan Matthews, of New Orleans, attorneys for plaintiff, appellee.

Edward Rightor, William H. Sellers, of New Orleans, attorneys for defendant, appellant.

JONES, J. Plaintiff claimed $226.45 for damages alleged to have been caused to his automobile on the afternoon of February 29, 1928, at the corner of Washington Avenue and Prytania Streets by the driver of defendant's car. Attached to plaintiff's petition, which was duly attested as required by law, is an itemized list of the

damages claimed. Although defendant was duly served, he failed to appear in court and judgment by default was taken against him, the said judgment reading in part as follows:

"Defendant failing to appear and answer, and the legal delay in which to answer having elapsed and plaintiff making *due proof of claim herein*, it is ordered, adjudged and decreed, etc."

Attached to the record is a certificate of the Clerk of the First City Court stating that the record contains all the proceedings, evidence and documents in the case.

When judgment was taken, the record shows that the following note of evidence was made:

"Counsel for plaintiff offers, introduces and files in evidence the petition, citation showing service on mother in law at the domicile 364 Walnut Street, the itemized bills attached to the petition and the affidavit signed by the plaintiff and the notation of the docket clerk showing no answer filed."

Our courts have frequently held that judgment would be presumed to have been rendered on necessary proof. Stout vs. Henderson, 157 La. 169, 102 So. 193; First Nat'l Bank vs. Richardson, 163 La. 15, 111 So. 475; Daily States Pub. Co. vs. White, 9 La. App. 70, 118 So. 839; Marx & Son vs. Leichner, 9 La. App. 563, 121 So. 685.

But in all those cases there was nothing in the record to show exactly what evidence had been offered. Here, the contrary is true, for the record shows that the judgment was rendered only on the affidavit and on the itemized bills, although the action was one in tort. Thus clearly the record shows that proof was not sufficient to sustain the judgment. See Code of Practice, Art. 312 (as amended); Fowler vs. Smith, 1 Rob. 448; Harrison vs. Creditors, 43 La. Ann. 91, 9 So. 15; Harrison vs. Soulabere, 52 La. Ann. 707, 27 So. 111; Lemoine vs. Dupuis, 2 La. App. 726; Black on Judgment, Sec. 271.

As plaintiff is clearly entitled to an opportunity to prove his claim, we think justice will best be served by a judgment of non-suit. Accordingly, it is ordered, adjudged and decreed that there be judgment dismissing plaintiff's suit as in case of non-suit.