This is an appeal from judgment of the City Court of Shreveport, Caddo Parish, Louisiana, in favor of plaintiff in the sum of $144.77, as the unpaid principal balance on a promissory note executed by defendant in favor of plaintiff in the original sum of $300.
The minutes of the City Court show that the only filing made on behalf of defendant was a plea of payment. The minutes also evidence the fact that the case was regularly set and was called for trial almost two months subsequent to the filing of said plea, that neither defendant nor his counsel made appearance at the time of trial, and that judgment was rendered in favor of plaintiff.
From this judgment defendant appeals on the ground that there was no proof adduced on trial in support of plaintiff's claim, citing the case of Pfeifer v. Bacharach, 10 La. App. 30, 121 So. 196, to the effect that an appellate court cannot presume judgment was rendered on necessary proof where the record showed evidence offered to be insufficient.
We do not find that the principle enunciated in the above case is applicable to the matter at hand.
[1] The record shows that plaintiff offered and introduced in evidence a promissory note in the sum of $300 payable to plaintiff and signed by defendant. Plaintiff further offered and filed in evidence an itemized and sworn statement of account showing credit for payments made and evidencing an unpaid principal balance in the sum of $144.77. Under the showing made by these documents it is obvious that the record in the case does reflect adequate proof of plaintiff's claim.
[2] The principle that a plea of payment presupposes the existence of the debt is too well established to necessitate any reference to a long line of decisions to this effect.
It appears that defendant, after pleading payment, made no attempt to support this plea by any character of evidence on the trial of the merits of this case, and allowed judgment to be rendered by default. This being the case we fail to perceive any ground upon which defendant, on appeal, can urge any matter of substance which would justify an appellate court in upsetting a judgment which is supported by the proof comprehended in the record.
It is contended on behalf of defendant that this case should be remanded to the lower Court for the reason, quoting from brief of defendant's counsel: "* * * that the note showed no endorsement or payments, nor was there any proof offered ('legal proof') of the alleged payments on the installments and interest on the entire note and that the affidavit purely in figures without any supporting evidence cannot be *Page 334 
granted as proper proof to impute the amount sued for nor to impute the alleged payments with reference to definite amount if any due and to dates."
We must confess that the asserted reason advanced on behalf of defendant is somewhat confusing since the same appears to us to be an objection on the part of defendant to the credit allowances that were made by plaintiff.
In any event we find no ground which would justify the reversal of the judgment or the remanding of this case, and, accordingly, the judgment appealed from is affirmed at appellant's cost.
KENNON, J., absent.